542 A.2d 173

**COMMONWEALTH of Pennsylvania**

v.

**Clifford DeWayne VICKERS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 4, 1988.

Filed June 2, 1988.

---

James M. Goodwin, Assistant Public Defender, Sharon, for appellant.

Lorinda L. Hinch, Assistant District Attorney, Mercer, for Com., appellee.

Before CIRILLO, President Judge, and POPOVICH and MONTGOMERY, JJ.

CIRILLO, President Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Mercer County. Appellant, Clifford DeWayne Vickers, does not challenge the legality of the sentence. Thus, an appeal is not taken as of right. *See* 42 Pa.C.S. § 9781(a). Here, Vickers challenges the discretionary aspects of the sentence.

When appealing the discretionary aspects of a sentence, the appellant must invoke this court's jurisdiction by including in his appellate brief a separate concise statement demonstrating that there exists a substantial questions as to the appropriateness of the sentence under the Sentencing Code. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tulad-*

*ziecki,* 513 Pa. 508, 511–513, 522 A.2d 17, 19 (1987). Only after appellant has fulfilled these requirements will this court review the merits of the case. *Tuladziecki, supra; Commonwealth v. Cummings,* 368 Pa.Super. 341, 344, 534 A.2d 114, 115 (1987).

Vickers has included in his brief a statement of the reasons relied upon for allowance of appeal. *See* Pa.R.A.P. 2119(f). However, "[i]t is only where a party can articulate reasons why a particular sentence raises doubts that [the sentencing] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Tuladziecki,* 513 Pa. at 515, 522 A.2d at 20. Here, appellant merely states that a substantial question is raised "because the court below erred in imposing consecutive terms of imprisonment in a state penal institution, each being for not less than nine months nor more than three years, upon a twenty year old man who has admitted his guilt, has admitted his need for help with his drug and alcohol problem, and who has no significant criminal history ..." The appellant concludes that the court has deprived him of his freedom without addressing a clear need for treatment.

This assertion does not provide the court with any articulable reasons why the sentence imposed compromises the sentencing scheme as a whole. Simply stated, the statement fails to mention the crimes for which appellant was sentenced. This court, in *Commonwealth v. Cummings, supra,* recently articulated the minimum requirements needed in order for this court to determine whether a "substantial question" is raised:

> The terms of the sentence the appellant is asking us to review *and the crime or crimes which gave rise to that sentence* are *sine qua nons* of a petition for allowance of appeal of the discretionary aspects of a sentence. This court simply cannot gauge whether there is a "substantial question" that "a particular sentence raises doubts that [the scheme of the Sentencing Code] as a whole has been compromised" without knowing what the length of the sentence is or what the crimes involved are.

*Cummings,* 368 Pa.Super. at 344, 434 A.2d at 115 (*quoting Tuladziecki,* 513 Pa. at 515, 522 A.2d at 20) (emphasis added).

We note, of course, that a simple statement of the crime or crimes involved and the sentence imposed will not, in itself, raise a "substantial question." These two requirements are merely a starting point. The appellant must then include in his statement the *reasons* why the sentence imposed is inappropriate under the Sentencing Code. *See* 42 Pa.C.S. § 9781(b). As our supreme court recently explained, this process "furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." *Tuladziecki* at 513, 512 A.2d at 19–20.

Here, Vickers' failure to include these necessary elements in his 2119(f) statement precludes this court from finding a substantial question that the sentence imposed is inappropriate under the Sentencing Code, and thus we cannot accept this appeal.

Because appellant has failed to preserve any issues for our consideration, the judgment of sentence is affirmed.