COMMONWEALTH of Pennsylvania,
Appellee,

v.

Inmom GOGGINS, Appellant.

Superior Court of Pennsylvania.

Argued June 14, 1999.
Filed March 8, 2000.
As Revised March 9, 2000.

---

Karl L. Morgan, Philadelphia, for appellant.

Michael M. Levy, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before McEWEN, President Judge, and CAVANAUGH, KELLY, POPOVICH, JOHNSON, FORD ELLIOTT, STEVENS, SCHILLER and LALLY–GREEN, JJ.

JOHNSON, J.:

■ ¶ 1 On this appeal, we determine the quantum of factual and procedural detail an appellant seeking to invoke this Court's jurisdiction to review the discretionary aspects of a criminal sentence need include in his or her concise statement of the reasons relied upon for allowance of appeal (hereinafter Rule 2119(f) statement). *See* Pa.R.A.P. 2119(f). We conclude that the Rule 2119(f) statement need not, and should not, include the factual and procedural detail required by our prior decisions. *See Commonwealth v. Cummings*, 368 Pa.Super. 341, 534 A.2d 114 (1987) (concluding that Rule 2119(f) statement that did not include recitation of length of sentence, crime for which sentence was imposed and terms of sentence seeking to be reviewed did not invoke Superior Court's jurisdiction to review discretionary aspects of sentence). We hold that Rule 2119(f) requires only that the appellant's statement allow us to determine the allegation of trial court error and the immediate context of the allegation as it relates to the prescribed sentencing norms.

¶ 2 Appellant Inmom Goggins appeals from the judgment of sentence entered November 6, 1996, in the Court of Common Pleas of Philadelphia County. On May 10, 1995, a Philadelphia police officer observed Goggins defacing a home with a black marker. Goggins attempted to flee and allegedly dropped a plastic bag containing sixty-eight smaller bags of crack cocaine and one small bag of marijuana. Following his arrest, Goggins was convicted of possession of cocaine with intent to deliver in violation of 35 P.S. § 780–113(a)(30). On the day Goggins was convicted, the trial court sentenced Goggins to

five to ten years' incarceration in state prison.

¶ 3 Goggins filed a direct appeal to this Court, challenging discretionary aspects of the sentencing process employed by the trial court. *Commonwealth v. Goggins*, 135 Philadelphia 1997 (filed 7/2/98). On that appeal, Goggins included in his brief a concise statement of the reasons relied upon for appeal pursuant to Rule 2119(f). The statement read as follows:

The lower court sentenced appellant to a state sentence following a short sentencing hearing immediately after a jury's verdict wherein the court did not have the benefit of a presentence report and the extent of its information regarding appellant consisted of a few brief questions. Sentencing in the absence of sufficient and accurate information constitutes abuse of discretion. *Commonwealth v. Martin*, 466 Pa. 118, 129, 351 A.2d 650, 656 (1976).

Additionally, in sentencing appellant beyond the aggravated range of the guidelines, the lower court failed to state specific aggravating factors that might prompt such an upward departure from the standard range sentences determined by the legislature. Also, the court's reasons justifying the upward departure were inherently improper, because they replicate factors already taken into account by the guidelines themselves and were inadequate on their face to justify such an extreme deviation.

These issues, independently and collectively, present a substantial question for which this Court must exercise its discretionary review. *See* 42 Pa.C.S.A. § 9781(b); Pa.R.App.P. 2119(f).

Brief for Appellant, 135 Philadelphia 1997, at 8.

¶ 4 The Commonwealth argued that Goggins's Rule 2119(f) statement was inadequate because it failed to set forth the crimes underlying the sentence, the sentence imposed, the reasons that the sentence was inappropriate, and a complete statement of the specific facts underlying appellant's argument. In support of its position, the Commonwealth relied on our prior decisions in *Commonwealth v. Ziegler*, 379 Pa.Super. 515, 550 A.2d 567 (1988), and *Commonwealth v. Vickers*, 374 Pa.Super. 115, 542 A.2d 173 (1988).

¶ 5 A divided panel of this Court agreed with the Commonwealth that Goggins's Rule 2119(f) statement was deficient and denied Goggins's petition for permission to appeal. The panel found that the statement failed to include both the crime which gave rise to the sentence and the term of the sentence as required by *Commonwealth v. Cummings*, 368 Pa.Super. 341, 534 A.2d 114, 115 (1987), and its progeny, *Ziegler* and *Vickers*. *See Goggins*, No. 135 Philadelphia 1997 (unpublished memorandum). We granted reargument before the Court *en banc*.

¶ 6 In his Substituted Brief for Appellant for *En Banc* Reargument, Goggins raises the following issues:

1. Is not a hypertechnical interpretation of Pa.R.App.P. 2119(f) that is unnecessarily unfair and unjust, violative of the underlying spirit of the rules of appellate procedure, when it would divest appellant of his right to appeal?

2. Did not the trial court err as a matter of law and abuse its discretion in imposing a sentence of state incarceration where the court failed to comply with its duty to consider the requisite statutory factors and thoroughly examine appellant's background and character or state sufficient reasons for dispensing with preparation of a presentence report prior to imposing sentence?

3. Did not the lower court err at sentencing in relying on factors already taken into account in the prior record score and the offense gravity score, and fail to give adequate reasons to justify imposing a sentence that was above the aggravated range?

Substituted Brief for Appellant at 3.

¶ 7 Initially, we note that in his substituted brief, Goggins amended his Rule

2119(f) statement to comply with the dictates of *Ziegler*, *Vickers*, and *Cummings* by including both the crime underlying his sentence and the duration of the sentence. Consequently, the Commonwealth no longer contests the adequacy of Goggins's Rule 2119(f) statement. Nonetheless, we will address Goggins's first issue as stated. *See Commonwealth v. Gambal*, 522 Pa. 280, 286, 561 A.2d 710, 713–714 (1989) (holding that Superior Court may conduct *sua sponte* review of appellant's Rule 2119(f) statement "to ensure that appellate rights of the parties are kept in conformity with 42 Pa.C.S. § 9781(b)").

■ ¶ 8 Our Supreme Court has emphasized that we must determine whether an appellant's Rule 2119(f) statement presents a substantial question *before* reaching the merits of an appellant's arguments. *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 512–13, 522 A.2d 17, 19 (1987); *Gambal*, 522 Pa. at 286, 561 A.2d at 713. Accordingly, the statement both frames issues and limits the extent to which we may conduct appellate review. The Supreme Court has explained that:

> If [the determination that a substantial question exists] is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, the [appealing party] has in effect obtained an appeal as of right from the discretionary aspects of a sentence. It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court.

*Tuladziecki*, 513 Pa. at 513, 522 A.2d at 19. Because a party's right to appeal the discretionary aspects of a criminal sentence is limited by legislative enactment in the Sentencing Code, we must not allow the presentation of issues on appeal, the content of which exceeds the scope of the relevant provision of the Code. The applicable provision of the Sentencing Code reads as follows:

**§ 9781. Appellate review of sentence**

\* \* \* \*

**(b) Right to appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S. § 9781(b).

¶ 9 Rule 2119(f) and decisions applying it provide the prescribed means by which we may give effect to this section 9781. Our Supreme Court has been specific in its admonition that:

> [S]eparate presentation of these issues is more than mere formalism; important concerns of substance guide this decision. In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Tuladziecki*, 513 Pa. at 513, 522 A.2d at 19.

¶ 10 Historically, this Court has reviewed "discretionary aspects of a sentence" where the Rule 2119(f) statement reveals a plausible argument that procedures followed by the sentencing court were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. Nelson*, 446 Pa.Super. 240, 666 A.2d 714, 720 (1995). Where a party makes such an argument, we have found that the party has raised a substantial question, as required by section 9781. *See Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587, 590 (1992).

¶ 11 Nevertheless, we have also held that when a Rule 2119(f) statement "contains incantations of statutory provisions and pronouncements of conclusions of law[,]" it is inadequate. *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa.Super.1999). *See also Commonwealth v. Mobley*, 399 Pa.Super. 108, 581 A.2d 949, 952 (1990) (claim that sentence imposed for narcotics offense failed to take into consideration defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory limits and within sentencing guidelines). Accordingly, where a defendant merely asserts that his sentence is inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing scheme without explaining how or why, we cannot determine whether he has raised a substantial question.

> The procedural rule, Pa.R.A.P. § 2119(f) is designed to enhance the functioning of [the] appellate review process. The legislature has provided [in] 42 Pa.C.S. § 9721, a thorough, though not exhaustive, outline of considerations to focus the court's deliberations in imposing an appropriate sentence. To demonstrate that a substantial sentencing question exists, a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider these general guidelines provided by the legislature.

*Commonwealth v. Saranchak*, 544 Pa. 158, 177, 675 A.2d 268, 277 (1996).

¶ 12 We read *Saranchak* to require a party appealing from the discretionary aspects of sentence to articulate the manner in which the sentence violates either a particular provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We emphasize that an appellant is required only to make a *plausible* argument that the sentence is contrary to a specific provision of the Sentencing Code or to the fundamental norms underlying the sentencing process. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

¶ 13 Accordingly, we hold that Rule 2119(f) requires only that a concise statement of reasons relied upon for allowance of appeal allow us to determine the allegation of trial court error and the immediate context of the allegation as it relates to the prescribed sentencing norms. Thus, the Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.*, the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range). If the Rule 2119(f) statement meets these requirements, we can decide whether a substantial question exists. The nature of the crime underlying the sentence and the specific sentence in months or years imposed for that crime are therefore not required in a Rule 2119(f) statement because they are unnecessary to determining the existence of a substantial question. Insofar as *Cummings, Vickers, Ziegler*, and their progeny stand for a proposition contrary to that which we set forth today, they should no longer be followed.

¶ 14 Applying our holding to the record before us, we find that Goggins has presented a substantial question in the Rule 2119(f) statement submitted in his original brief. First, he alleges that the trial court sentenced him without a presentence report thereby failing to take into account his character and background, and also failed to give sufficient reasons for

foregoing the report. Goggins also alleges that the court imposed sentence outside the guidelines without stating legitimate reasons for doing so, instead improperly double-counting Goggins's criminal history and prior record. Both allegations present issues of potential deviations from the sentencing code. Therefore, we must review the merits of Goggins's arguments.

¶ 15 In his second issue, Goggins alleges that the trial court erred as a matter of law and abused its discretion when it sentenced him to state incarceration without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report. Such a claim raises a substantial question because it avers that the court imposed sentence without considering sufficient and accurate information about the defendant. *See Commonwealth v. Martin*, 466 Pa. 118, 132, 351 A.2d 650, 657 (1976).

¶ 16 In this case, the court declined to order a pre-sentence report or a psychological examination, reasoning that Goggins was required to receive a mandatory state sentence; therefore there was no reason to further overburden Philadelphia County's prison system with state prisoners while awaiting a pre-sentence report. In addition, the court concluded that it could obtain sufficient additional background information concerning Goggins through a colloquy. We disagree with the trial court's decision not to order a PSI report, and we find the reasons stated by the court in support of its decision invalid.

¶ 17 "The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." *Commonwealth v. Carter*, 336 Pa.Super. 275, 485 A.2d 802, 804 (1984). Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not

limited to those of record, as well as the defendant's personal history and background. *See Martin*, 466 Pa. at 134 n. 26, 351 A.2d at 658 n. 26 (1976). While the extent of the pre-sentence inquiry may vary depending on the circumstances of the case, "[a] more extensive and careful investigation is clearly called for in felony convictions, particularly where long terms of confinement are contemplated." *Id.* The court must exercise "the utmost care in sentence determination" if the defendant is subject to a term of incarceration of one year or more, or the defendant is under twenty-one or a first-time adult offender. *See id.* at 135, 351 A.2d at 659 (recommending amendment of Pa. R.Crim.P. 1403). *See also* Pa.R.Crim.P. 1403(A)(2)(a)–(c) as amended June 28, 1976, effective January 1, 1977.

¶ 18 To assure that the trial court imposes sentence in consideration of both "the particular circumstances of the offense and the character of the defendant," our Supreme Court has specified the minimum content of a PSI report. *Martin*, 466 Pa. at 134, 351 A.2d at 658. The "essential and adequate elements" of a PSI report include all of the following:

(A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

(C) a description of the educational background of the offender;

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

*Id.* n. 26 (quoting ABA PROJECT ON MINIMUM STANDARDS OF JUSTICE, STANDARDS RELATING TO PROBATION § 2.3 (Approved Draft, 1970)).

¶ 19 Though neither *Martin,* nor any subsequent case require that the trial court order a pre-sentence investigation report under all circumstances, the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source. *See id.* at 134, 351 A.2d at 658 ("Normally such reports should be used, although they are sometimes unnecessary because other sources of information are available."). Our cases establish, as well, that the court must be apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it. *See Commonwealth ex rel. Hendrickson v. Myers,* 393 Pa. 224, 231, 144 A.2d 367, 371 (1958) ("To deprive the Courts of the right to be informed of and to consider the history and background of the person subject to sentence may result in sentences which are unjust and unfair to both society and defendants.").

¶ 20 In this case, the trial court dismissed the need for a PSI report ostensibly because it was aware of the evidence adduced at trial and had divined certain information through an oral colloquy. On the facts of record, we find both considerations, even when considered together, insufficient basis for the trial court's failure to order a PSI report. The expansive and probing character of the "essential elements" of an adequate PSI report demonstrates, beyond peradventure, that a proper pre-sentence investigation requires a searching inquiry into circumstances well beyond the scope of the record compiled at trial or the court's colloquy with Goggins. The trial court's inquiry largely ignored these circumstances. The court's colloquy presented only seven questions, as follows:

THE COURT: It occurs to me that it is likely Mr. Goggins is going to go to state prison, and we are overcrowded here in Philadelphia and there is no reason for us to be housing state prisoners here if we don't have to.

I'll ask some questions and if I have enough information, I may be able to dispense with psychiatric and presentencing report. You can always ask for reconsideration, and if necessary we can order one then. I'll ask some questions now for purposes of sentencing.

He is how old?

THE DEFENDANT: Twenty.

THE COURT: How far did you go in school?

THE DEFENDANT: Eleventh grade.

THE COURT: You live with your mother?

THE DEFENDANT: Yes, I do.

THE COURT: Have any drug or alcohol use?

THE DEFENDANT: No.

THE COURT: Are you employed?

THE DEFENDANT: [No.]

\* \* \* \*

THE COURT: Does Defendant have any prior convictions?

DEFENSE COUNSEL: Juvenile convictions, Your Honor.

N.T. Sentencing, at 212–13.

■ ¶ 21 In light of our Supreme Court's clear direction concerning the detailed inquiry necessary for an adequate pre-sentence investigation, the summary nature of the trial court's inquiry here renders its decision not to order a PSI report a clear abuse of discretion. By comparison to the extensive inquiry prefatory to a PSI report, the trial court's colloquy is a meager and inadequate substitute. The court asked only the most obvious and superficial of questions, the anticipated answers to which might have been given by virtually any defendant. The court's inquiry failed to explore Goggins's social and family history beyond his living arrangement with his mother, and ignored entirely his potential for vocational training. Given the evidence of record that Goggins was apprehended while making use of his time to scrawl graffiti on the wall of a house, we find the latter inquiry imperative to any serious attempt to avoid recidivism. Moreover, notwithstanding Goggins's clear admission of prior involvement with the juvenile system, the court failed to reckon the treatment he had received or his response to treatment. In view of the potential length of Goggins's sentence, we find such cursory consideration disconcerting. Thus, notwithstanding the trial court's familiarity with the circumstances surrounding Goggins's offense, we find its decision not to order a PSI report a source of reversible error in sentencing.

¶ 22 Similarly, we find the court's statement of reasons for refusing to order a PSI report fatally deficient. *See* Pa. R.Crim.P. 1403(A)(2). Rule 1403, as amended in response to our Supreme Court's direction in *Martin*, 466 Pa. at 135, 351 A.2d at 659, requires that:

(2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:

(a) where incarceration for one year or more is a possible disposition under the applicable sentencing statutes;

(b) where the defendant is less than twenty-one years old at the time of conviction or entry of a plea of guilty; or

(c) where a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.

Pa.R.Crim.P. 1403(A)(2). We have held that where, as in this case, the defendant falls within the ambit of subsections (a), (b), and (c), the trial court's failure provide a statement of reasons for dispensing with a PSI report mandates re-sentencing, regardless of the putative soundness of its rationale. *See Commonwealth v. Warren*, 259 Pa.Super. 268, 393 A.2d 821, 822 (1978). We have found error, similarly, where the reasons the court stated reflected its concern with the institutional burdens of the penal system rather than the history and background of the defendant. *See Carter*, 485 A.2d at 804 (remanding for re-sentencing where trial court dispensed with PSI report so as not to "waste the facilities of the probation department"). In *Carter*, we admonished:

The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. The responsibility is no less urgent where the defendant comes before the court as a probation violator. A sentencing court is not excused from this responsibility merely because the court desires to relieve the probation department from an additional assignment.

*Id.* (internal citations omitted).

¶ 23 As in *Carter*, the reasons the trial court advanced for failing to order a PSI report on Goggins appear to elevate the court's institutional concerns to paramount importance and do not reflect the court's familiarity with "the particular circumstances of the offense and the character of the defendant." *See Martin*, 466 Pa. at 134, 351 A.2d at 658. Therefore, they do not state adequate grounds for dispensing with a pre-sentence investigation. *See Carter*, 485 A.2d at 804. Moreover, the court's concern with overcrowding at the Philadelphia County Jail prior to imposition of sentence suggests that the court reached a sentencing decision at the wrong time for the wrong reasons. *See id*. The fact that, sometime thereafter, the court conducted a colloquy and discerned some perfunctory personal information about the defendant does not demonstrate that the court entered a sentence on permissible grounds, and so does not excuse its error.

¶ 24 Nor is the court's error alleviated by its recognition that Goggins was subject to a mandatory sentence. In point of fact, the sentence the court imposed substantially exceeded the mandatory sentence. Goggins was convicted under section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113. Any defendant convicted under that provision for trafficking in cocaine is subject to sentence under section 7508, subsection (a)(3)(i) of the Pennsylvania Crimes Code. That section mandates minimum sentences as follows:

> [W]hen the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in

and the proceeds from the illegal activity[.]

18 Pa.C.S. § 7508(a)(3)(i). Thus, because Goggins's conviction was his first as an adult, the mandatory term of incarceration to which he was subject was one year. *Id*. *See also Commonwealth v. Thomas*, 743 A.2d 460 (Pa.Super.1999) (holding that mandatory term of incarceration based on prior convictions under same statutory provision may not be calculated on the basis of prior juvenile adjudications). Even allowing consideration of Goggins's two prior juvenile adjudications for drug trafficking, his mandatory term of incarceration was only three years. 18 Pa.C.S. § 7508(a)(3)(i). The trial court imposed a sentence of five to ten years. Though imposition of a sentence greater than the mandatory minimum is permissible, it requires exercise of the court's discretion. A trial court's exercise of discretionary power in sentencing requires both sufficient information and adherence to applicable rules of court. *See Martin*, 466 Pa. at 131–32, 351 A.2d at 657 ("[T]he court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information."). Thus, the trial court was required to apprise itself sufficiently to impose sentence in an informed fashion as discussed *supra*, by a PSI report or otherwise, and if it chose to dispense with a PSI report, to provide cognizable reasons why. *See id*. The court's failure to do either is error and requires that the matter be remanded for re-sentencing. *See id*.; *Carter*, 485 A.2d at 804; *Warren*, 393 A.2d at 822.

¶ 25 In his final issue, Goggins asserts that the trial court erred in imposing a sentence outside the guidelines without providing adequate reasons, and relied on factors already taken into account in determining his prior record score and offense gravity score. Such an averment raises a substantial question. *See Commonwealth v. Impellizzeri*, 443 Pa.Super. 296, 661 A.2d 422, 433 (1995); *Commonwealth v. Dotter*, 403 Pa.Super. 507, 589 A.2d 726,

730 (1991). According to Goggins, the primary reasons the court imposed sentence of five to ten years' incarceration were because of the amount of drugs he possessed and because he had two prior convictions.

¶ 26 We agree with Goggins that when fashioning a sentence, a sentencing court may not "double count" factors already taken into account in the sentencing guidelines. Pa.C.Sent. Fourth (August 12, 1994) § 303.4(a), comment; *Commonwealth v. Bristow*, 372 Pa.Super. 48, 538 A.2d 1343, 1348 (1988). We do not agree, however, that the court imposed a harsher sentence than the mandatory minimum by double-counting the amount of drugs Goggins possessed. The court's sentence was based, not on the weight of the drugs Goggins possessed (the factor considered in setting the mandatory minimum), but on the way the drugs were packaged. As the court opined, "I think where we have a circumstance where we have the number of packets as we have here, 68, as I have indicated, that can be 20 to 30 families that can be poisoned by Goggins." N.T. Sentencing, 11/6/96, at 218. The court was therefore properly concerned with the impact of Goggins's offense on the public, as required by 42 Pa.C.S. § 9721(b).

¶ 27 Finally, Goggins alleges that the trial court double-counted his prior record, which was already included in the mandatory minimum sentence. The court sentenced above the mandatory minimum three-year sentence because Goggins had a prior record for possessing drugs with intent to deliver. The court was thus concerned with Goggins's continuing pattern of engaging in the same criminal activity despite two earlier convictions, thereby indicating lack of amenability to rehabilitation. While such consideration is compelled by 42 Pa.C.S. § 9721(b), we agree with Goggins that the legislature already factored that consideration into the mandatory minimum three-year sentence pursuant to 18 Pa.C.S. § 7508(a)(3)(i). As a result, we must also agree that the trial court abused its discretion when it double-counted Goggins's prior record of possession with intent to deliver.

¶ 28 Judgment of sentence REVERSED. Case REMANDED for resentencing in accordance with this Opinion. Jurisdiction RELINQUISHED.

¶ 29 STEVENS, J., files a Dissenting Opinion.

¶ 30 Judge SCHILLER's commission on this Court expired prior to the preparation and consideration of Judge STEVENS' dissent.

STEVENS, J., dissenting:

¶ 1 I respectfully dissent. I agree with the Majority that the trial court abused its discretion in dispensing with a pre-sentence report on the basis that Philadelphia county's prison system would be "overburdened" with state prisoners while awaiting a pre-sentence report.

¶ 2 However, I would find that in this case, a review of the record indicates that there was sufficient additional background information obtained by the trial court with its colloquy with the defendant. On that basis, I would find that the trial court's decision not to order a P.S.I. report was discretionary with the trial court, and there was no abuse of discretion.

¶ 3 Therefore, I would affirm the decision of the trial court to not order a P.S.I. under the facts of the within case.