J. S67043/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| C.J. ADAMS, | : | |
| | : | |
| Appellant | : | No. 929 WDA 2014 |

Appeal from the Judgment of Sentence May 7, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division No(s).: CP-33-CR-0000399-2012

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 2, 2014**

Appellant, C.J. Adams, appeals from the judgment of sentence entered in the Jefferson County Court of Common Pleas following a revocation of her probation. On appeal, she challenges the discretionary aspects of her sentence. We affirm.

The facts underlying her conviction are unnecessary to our disposition. On February 4, 2013, Appellant pleaded guilty to corruption of minors and was sentenced to, *inter alia*, five years' probation, make restitution, and complete sexual offender treatment. While on probation, the court issued a detainer on April 15, 2014, which asserted Appellant violated her probation.

---

[*] Former Justice specially assigned to the Superior Court.

On April 24, 2014, the Commonwealth charged Appellant with technical violations of her probation, including failure to stay at an approved residence, failure to make restitution, and failure to complete sex offender treatment. Appellant, represented by counsel, waived a **_Gagnon I_** hearing and admitted to the above violations. Order, 5/1/14.

After reviewing a pre-sentence investigation report, the court formally revoked Appellant's probation and resentenced her on May 7, 2014, to eighteen months to seven years' imprisonment. On May 21, 2014, at 1:07 p.m., the court docketed Appellant's _nunc pro tunc_ motion for reconsideration of sentence. The court denied Appellant's motion at 1:21 p.m. Appellant filed a timely notice of appeal on June 6, 2014, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issue:

> Whether the trial court abused its discretion when it revoked Appellant's county-level probation and re-sentenced her to serve a sentence of incarceration in a state correctional institution for a minimum of eighteen (18) months to a maximum of seven (7) years with credit for time served for [A]ppellant's violation of probation.

Appellant's Brief at 3. Appellant argues that the sentence is unreasonable and the court failed to justify its sentence adequately. We hold Appellant is due no relief.

"[T]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation."

*Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005) (citation omitted). "[I]t is now accepted that it is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

> [T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated:
>
>> A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.
>
> Furthermore, when the basis for revocation arises from the advent of intervening criminal conduct, a VOP hearing may be held prior to any trial arising from such criminal conduct.

*Infante*, 888 A.2d at 791 (citations omitted).

> To be reviewed on the merits, a challenge to the discretionary aspects of sentence must raise a substantial question that the sentence imposed is not appropriate. A substantial question is raised when the appellant advances a "colorable argument" that the sentence was either "inconsistent with a specific provision of the Sentencing Code" or "contrary to the fundamental norms which underlie the sentencing process." This Court determines whether an appellant has raised a substantial question by examination of the appellant's concise statement of the reasons relied upon for allowance of appeal, which must be included in the appellant's brief, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). If a Rule 2119(f) statement is not included in the appellant's brief and the

> appellee objects to the omission, then this Court is precluded from reviewing the merits of the appellant's claim.

***Commonwealth v. Faulk***, 928 A.2d 1061, 1071-72 (Pa. Super. 2007) (citations omitted).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.*, the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range.).

***Commonwealth v. Googins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

Instantly, Appellant has included the following Rule 2119(f) statement in her brief, which we reproduce in its entirety as follows:

> The reasons relied on for allowance of appeal with respect to the discretionary aspects of the sentence are that the sentence was manifestly unreasonable under the circumstances of the case and the probation violation, and that the [c]ourt's reasons for the sentence did not justify the severity.

Appellant's Brief at 5. Appellant's Rule 2119(f) statement does not comply with all of the requirements set forth by the ***Googins*** Court, but because the Commonwealth has not objected to its deficiencies, we decline to find waiver. ***See Googins***, 748 A.2d at 727; ***cf. Faulk***, 928 A.2d at 1071-72. Appellant, however, does assert her sentence was inconsistent with the

fundamental norms that underlie the sentencing process. ***See Googins***, 748 A.2d at 727.

With respect to the merits, after careful review of the record, the parties' briefs, and the decision of the Honorable John H. Foradora, we affirm on the basis of the trial court's opinion. ***See*** Trial Ct. Op., 7/7/14, at 1-2 (holding Appellant poses continuing threat to children of community given her failure to complete sex offender treatment). We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014

IN THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, **FILED**
PENNSYLVANIA
CRIMINAL DIVISION

JUL 7 2014

COMMONWEALTH OF PENNSYLVANIA :
:
vs. : CP-33-CR-399-2012    **TONYA S**
PROTHONOTARY & C
:
C.J. ADAMS, :
         Defendant :

### Opinion Pursuant to Pa.R.A.P. 1925(a)

In her Statement of Matters Complained of on Appeal, the defendant alleges that the Court abused its discretion when it sentenced her to 18 months – 7 years in a state correctional institution and that it failed to adequately state its reasons for the sentence. The record does not support either contention.

Sentencing courts enjoy broad discretion to fashion sentences appropriate to the individuals and circumstances before them, and a defendant must show that a court abused its discretion before se may obtain relief. *Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010). An abuse of discretion will only be found where the record discloses that the sentence was manifestly unreasonable or was occasioned by partiality, prejudice, bias, ill-will, "or such lack of support as to be clearly erroneous." *Id.* For purposes of review, that record must include the court's statement of reasons, which themselves must reflect its consideration of the sentencing code, the circumstances of the violation, and the character of the offender. *Commonwealth v. Beasley*, 570 A.2d 1336, 1338 (Pa. Super. 1990).

Pursuant to 42 Pa.C.S.A. § 9771(c), a sentence of total incarceration is warranted when a defendant's conduct makes it likely that she will commit another crime if she is not imprisoned or to vindicate the authority of the court. As the record reflects, and as the Court explicitly considered, both reasons were implicated in this case. (*Gagnon* Transcript, 05/07/2014, pp. 2-4).

As the sentencing code mandates, moreover, it is the sentencing court's duty not only to sentence a defendant so as to address her individual needs and circumstances, but also to protect the public from further victimization at her hands. That duty applies no less to revocation proceedings than it does to the original sentencing hearing, and this defendant, as the Court articulated, did indeed pose a continuing threat to the community's children if not restricted to an

 SCANNED
-39-
 ENTERED

environment in which her whereabouts were known and monitored and where the sex offender programming she needed was readily available and accessible. (*See id.*). With those goals in mind, the Court deliberately fashioned the sentence it deemed most likely to accomplish its joint purposes of addressing the defendant's rehabilitative needs and protecting the public, explicating at that time its specific reasons for choosing 18 months as a minimum and 7 years as a maximum. (*Id.* at 4).

Because the Court expressly provided its reasons for imposing the sentence it did and was not swayed by partiality, prejudice, bias, or ill-will, therefore, the judgment of sentence rendered on May 7, 2014 should be affirmed.

BY THE COURT,

Hon. John Henry Foradora, PJ

2