J-S24035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES M. ARMENTROUT, JR., | : | |
| Appellant | : | No. 1486 MDA 2017 |

Appeal from the Judgment of Sentence July 21, 2017
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0005195-2016,
CP-67-CR-0006540-2016

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 19, 2018**

James M. Armentrout, Jr. ("Armentrout"), appeals from the judgment of sentence imposed following his convictions of two counts each of fleeing or attempting to elude police and driving while operating privilege is suspended, and one count each of failure to stop at a red signal, reckless driving, and recklessly endangering another person.  *See* 75 Pa.C.S.A. §§ 3733(a), 1543(a), 3112(a)(3)(i), 3736(a); 18 Pa.C.S.A. § 2705.  We affirm.

On June 17, 2016, police attempted to stop Armentrout's vehicle for failing to have working lights around the license plate.  Armentrout led police on a high-speed chase through York City, at a speed of approximately fifty to sixty miles per hour, while running several red lights.  Police ultimately stopped the pursuit in the interests of public safety.  Thereafter, police issued a warrant for Armentrout's arrest.

On June 18, 2016, police attempted to apprehend Armentrout, who was driving his vehicle, in the parking lot of a local business. As officers instructed Armentrout to exit the vehicle, he turned his vehicle and accelerated toward the officers, at which time the officers fired several gunshots at Armentrout's vehicle. Armentrout managed to flee the parking lot and led police on another high-speed chase through a densely populated area of York City. Even with assistance from other departments, the police were unable to keep up with Armentrout's vehicle and ended the pursuit.

Armentrout was subsequently arrested at Hanover Hospital, where he sought treatment for a gunshot wound. Armentrout was charged under two criminal informations, and the cases were consolidated. In May 2017, a jury found Armentrout guilty of the above-mentioned crimes. On July 21, 2017, the trial court imposed an aggregate sentence of seven years, six months to fifteen years in prison.[1] Armentrout filed a timely Post-Sentence Motion, which the trial court denied. Armentrout filed a timely Notice of Appeal and a court-ordered Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Armentrout now raises the following issues for our review:

---

[1] Armentrout received aggravated sentences of three years and three months to six years and six months for the fleeing or attempting to elude convictions. He also received a sentence of one to two years for reckless endangerment. The trial court imposed these sentences consecutively.

1) Whether the trial court abused its discretion by improperly excessively sentencing Armentrout based on factors that constitute elements of the offense[?]

2) Whether the trial court abused its discretion by improperly excessively sentencing Armentrout based upon the severity or gravity of the [o]ffense[?]

Brief for Appellant at 4.

Armentrout challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Moury***, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Armentrout filed a timely Notice of Appeal, preserved his sentencing claims in a Post-Sentence Motion, and included a Rule 2119(f)

Statement in his brief. Further, Armentrout's claim that the trial court improperly imposed an aggravated-range sentence based on a factor that was an element of the offense raises a substantial question. *See Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006) (holding that a substantial question is raised when the appellant challenges whether the trial court improperly based an aggravated range sentence on a factor that constituted an element of the offense). Moreover, Armentrout's claim that the trial court improperly imposed an aggravated range sentence because it "double counted" the severity or gravity of the offenses raises a substantial question. *See Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa. Super. 2000) (stating that "when fashioning a sentence, a sentencing court may not 'double count' factors already taken into account in the sentencing guidelines.") (citations omitted). Thus, we will review Armentrout's sentencing claims.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010) (citation omitted).

We will address both of Armentrout's claims together. Armentrout claims that the trial court abused its discretion by imposing aggravated-range

sentences based on elements of 75 Pa.C.S.A. § 3733(a). Brief for Appellant at 25, 27-28. Specifically, Armentrout argues that the trial court justified the sentence by relying on the fact that Armentrout fled from police at a high rate of speed, thereby endangering the public, which is an element of the offense. *Id.* at 27-28.

Moreover, Armentrout claims that the trial court abused its discretion by double-counting his prior criminal record and the severity of the present offense, which are already contemplated by the sentencing guidelines. *Id.* at 28-32.

Our review of the record discloses that the trial court reviewed and considered Armentrout's pre-sentence investigation report. N.T., 7/21/17, at 10-11, 14, 45. The trial court also considered his mental health/anxiety issues, his drug and alcohol problems, and his completion of two parenting classes, a relapse prevention class, and the Thinking For A Change program while in prison. *Id.* at 46. The court further noted Armentrout's criminal history and rehabilitative potential. *Id.* at 41-42, 46. The trial court considered his apology and statements of remorse. *Id.* at 19, 23, 46. Additionally, the trial court took into account the fact that the offenses were committed on two separate days, which gave Armentrout two separate opportunities to make conscious decisions of wrongdoing. *Id.* at 48. Moreover, the court considered the impact that these crimes had on the community. *Id.* at 30, 33-34, 48. Last, the trial court considered

Armentrout's statements indicating "an intent to kill the police officers who were involved in this case if he's sent upstate." *Id.* at 47.

Here, in imposing the sentence, the trial court stated that it reviewed a pre-sentence investigation report and took into account Armentrout's prior criminal history, his potential for rehabilitation, and the impact on the community. *See Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.") (citation omitted); *see also Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (stating that in sentencing, the trial court "is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation.") (citation omitted).

Further, it is clear from the record that the trial court did not "double count" Armentrout's prior criminal history or the nature or elements of the crimes; instead, the trial considered a number of factors in rendering the sentence. *See Commonwealth v. Andrews*, 720 A.2d 764, 768 (Pa. Super. 1998) (rejecting defendant's argument that the sentencing was focused on his prior criminal history in imposing the sentence, as a review of the record

- 6 -

demonstrated that the court took a number of factors into consideration); *see also Griffin*, 804 A.2d at 10 (noting that our law requires a sentencing court "to consider the prior criminal record to ascertain a defendant's amenability to rehabilitation[.]").

In light of the foregoing, we discern no abuse of discretion, and cannot grant Armentrout relief on his claims.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/19/2018