J-S25034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
           v.                       :
                                   :
                                   :
ANTWAIN OLIVER                 :
                                   :
           Appellant           :    No. 1646 WDA 2017

Appeal from the Judgment of Sentence September 28, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000666-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:             **FILED SEPTEMBER 7, 2018**

Antwain Oliver appeals from the judgment of sentence imposed on September 28, 2017, in the Court of Common Pleas of Fayette County.  In this timely appeal, Oliver claims the trial court abused its discretion in re-imposing his original sentence without first considering several mitigating factors.  Oliver has not included a Pa.R.A.P. 2119(f) statement explaining why his appeal presents a significant question sufficient for appellate review.  The Commonwealth has objected to this failure.  Accordingly, we are required to deny Oliver relief and affirm the judgment of sentence.

Briefly, in March, 2014, Oliver was convicted by jury of aggravated assault (two counts), possession of a firearm prohibited, possession of a firearm with manufacturer's number altered, firearms not to be carried without a license, simple assault (two counts), recklessly endangering another person (two counts), public drunkenness, possession of a controlled substance with

intent to deliver, and possession of a controlled substance.[1] He received an aggregate sentence of 100 to 200 months' incarceration. His direct appeal afforded him no relief. On April 8, 2016, Oliver filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Counsel was appointed and filed an amended petition claiming Oliver's trial counsel was ineffective for failing to argue the sentence imposed was illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (any fact which, by law, increases the mandatory minimum sentence for a crime must be: (1) treated as an element of the offense, as opposed to a sentencing factor; (2) submitted to the jury; and (3) found beyond a reasonable doubt). Based upon the allegations raised, the PCRA court vacated the sentence and granted Oliver a hearing on his petition. However, the hearing demonstrated that Oliver had not been subjected to any mandatory minimum sentences.[2] Nonetheless, Oliver argued his actions while incarcerated, completing various rehabilitation programs, helping other inmates with their art, and his family support, provided sufficient grounds to impose a mitigated range sentence. The PCRA court disagreed and re-imposed the original sentence, which represents a standard range sentence. This timely appeal followed.

---

[1] 18 Pa.C.S. §§ 2702(a)(4), 6105(a)(1), 6110.2(a), 6106(a)(1), 2701(a)(1), 2705, 5505, 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16), respectively.

[2] Counsel could not be ineffective for failing to object to non-existent mandatory minimum sentences.

By claiming the PCRA court failed to consider certain mitigating factors, Oliver is challenging the discretionary aspect of his sentence. The rules for such a challenge are well settled.

> The procedure for filing the "petition for allowance of appeal" at the briefing stage is set forth in Pa.R.A.P. 2119(f) as follows:
>
> > [a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.
>
> Rule 2119(f) requires only a concise statement of the reasons Appellant believes entitle him to allowance of appeal. ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000). The concise statement must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Id.*** Additionally, the statement must specify "what fundamental norm the sentence violates and the manner in which it violates that norm." ***Id.*** If the statement meets these requirements, we can decide whether a substantial question exists. ***Id.***

***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa. Super. 2004).

> when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

***Id.*** at 533 (citations omitted).

As noted above, Oliver did not file the required Pa.R.A.P. 2119(f) statement and the Commonwealth has objected. Accordingly, Oliver must be denied relief.

Judgment of sentence affirmed.

Judge Panella joins this memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2018