J-S12030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| DONALD PENN | : | |
| | : | |
| Appellant | : | No. 2625 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 12, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002475-2021

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                      **FILED MAY 15, 2024**

Appellant Donald Penn appeals from the Judgment of Sentence imposed after he pled guilty to one count each of Possession with Intent to Deliver-Methamphetamines ("PWID"), Criminal Use of a Communication Facility, and Involuntary Manslaughter.[1] He specifically challenges the discretionary aspects of the sentence of 2 to 5 years' incarceration imposed for Involuntary Manslaughter. After careful review, we affirm.

**A.**

We glean the relevant factual and procedural history from the trial court's Pa.R.A.P. 1925(a) Opinion, filed September 20, 2023, which our review confirms is supported by the record. On March 14, 2020, Quakertown Borough Police officers responded to a report of a deceased person at Bush

---

[1] 35 P.S. §780-113(a)(30); 18 Pa.C.S. §§ 7512(a), and 2504(a), respectively.

House and discovered the body of Christian Bedford with drug paraphernalia nearby. The officers surmised that he had died from a drug overdose[2] and recovered Mr. Bedford's cell phone from the room. After review of Mr. Bedford's cell phone messages and further investigation, the Commonwealth arrested Appellant and charged him with, *inter alia*, the above offenses.

On April 12, 2022, the court accepted Appellant's open guilty plea and proceeded immediately to sentencing.[3] After hearing argument from counsel, allocution from Appellant, and impact statements from Mr. Bedford's family, the court acknowledged that it had reviewed the sentencing guidelines with Appellant, and noted the gravity of the offense, Appellant's needs for rehabilitation, and the protection of the public. The court then imposed, *inter alia*, a term of 2 to 5 years' incarceration with credit for time served.

Appellant filed a post-sentence motion asserting that the court violated "sentencing guideline principles" by imposing a sentence "40 months over the maximum aggravated sentence of 20 months according to the sentence guidelines." Post-Sentence Motion, filed 4/26/22, at 3. The motion was denied by operation of law.

_____

[2] An autopsy revealed that Mr. Bedford died as because of the combined effects of Fentanyl, Xylazine, and methamphetamine toxicity. Tr. Ct. Op., dated 9/20/23, at 2, citing N.T., 4/12/22, at 20-24.

[3] In exchange for Appellant's guilty plea, the Commonwealth *nolle prossed* one count each of Drug Delivery Resulting in Death, PWID-Methamphetamine, and Recklessly Endangering Another Person.

- 2 -

Appellant filed a timely notice of appeal. Following our remand, Appellant and the trial court satisfied the requirements of Pa.R.A.P. 1925.

**B.**

In his brief, Appellant raises the following issue:

Did the trial court err and abuse its discretion by sentencing [Appellant] to two (2) to five (5) years' incarceration for Involuntary Manslaughter in deviation from the guidelines of six (6) to fourteen (14) months and the aggravated term of twenty (20) months?

Appellant's Br. at 4.

**C.**

Appellant raises a challenge to the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.* (citation omitted).

Appellant preserved the issue in a post-sentence motion, timely appealed, and included a Rule 2119(f) Statement in his brief. We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

We determine on a case-by-case basis whether an appellant has raised a substantial question regarding discretionary sentencing. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and quotation marks omitted).

In his Rule 2119(f) Statement, Appellant asserts that his sentence of 2 to 5 years' incarceration is excessive because it exceeds the aggravated range of the sentencing guidelines suggested for involuntary manslaughter and the court failed "to state on the record at the time of sentencing the reasons for exceeding even the aggravated Guidelines." Appellant's Br. at 10. He contends that the court erred by "primarily relying on the seriousness of [the] death of the victim, where the aggravating factor was already considered in determining [Appellant's] prior record score and offense gravity score." *Id.* We conclude Appellant has raised a substantial question. *See Commonwealth v. Goggins*, 748 A.2d 721, 731 (Pa. Super. 2000) (finding a substantial question raised where the appellant asserted that the sentencing

court "impos[ed] a sentence outside the guidelines without providing adequate reasons, and relied on factors already taken into account in determining his prior record score and offense gravity score[.]").

**D.**

We consider the merits of Appellant's claims mindful that sentencing is vested in the sound discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion. ***Commonwealth v. Summers***, 245 A.3d 686, 692-93 (Pa. Super. 2021).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Id.*** at 693 (citation omitted).

"Sentencing in Pennsylvania is individualized and requires the trial court to fashion a sentence that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[.]" ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013) (quoting 42 Pa.C.S. § 9721(b), quotation marks omitted). Additionally, when sentencing to total confinement, the court must consider "the history, character, and condition of the defendant[.]" 42 Pa.C.S. § 9725.

Our sentencing guidelines are advisory: they "have no binding effect, create no presumption in sentencing, and do not predominate over other

sentencing factors[.]" ***Commonwealth v. Walls***, 926 A.2d 957, 964-65 (Pa. 2007). We review sentences with "regard for: (1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[;] and (4) [t]he guidelines promulgated by the commission." 42 Pa.C.S. § 9781(d).

Where, as here, an excessiveness claim is based on a court's sentencing outside the guideline ranges, "we look, at a minimum, for an indication on the record that the sentencing court understood the suggested sentencing range." ***Commonwealth v. Mouzon,*** 828 A.2d 1126, 1128 (Pa. Super. 2003). A court "may deviate from the guidelines, if necessary, . . . so long as the court also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range." ***Id.*** (citation and internal quotation marks omitted). Where the sentencing court "proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, we must affirm a sentence that falls outside those guidelines." ***Id.*** at 1128-29 (citations omitted).

**E.**

At Appellant's sentencing hearing, Appellant apologized to the court, his wife, and the victim's family, and Appellant's counsel noted Appellant's own abuse of methamphetamine, a habit he allegedly supported by selling the drug to others, and his desire and need to "stay clean." The court indicated that it

had considered and reviewed the sentencing guidelines with Appellant, counsels' recommended sentences, and Appellant's "relatively minor" criminal history. *See* N.T., 4/12/22, at 35, 44-45. *See also* N.T. at 15-17 (where the court informed Appellant of the sentencing guidelines and the grading of his involuntary manslaughter conviction). With respect to the remaining sentencing factors, the court stated:

> I have to consider the protection of the public, and that's what the victim's family has asked me to do, to consider that. Although they hold no animosity against this defendant, they don't want him to go out and continue to sell methamphetamine.
>
> I have to consider the gravity of the offense as it relates to the impact on the life of the community and the victim's family, and I heard powerful testimony from the family of the victim, well-reasoned, well-thought out, not angry, but appropriate concerns. And you lose the son – a son, I don't know, they're brave people. It's difficult, it's almost impossible to just overcome that. So I have to consider all of those things.
>
> I consider that there's a death involved here, and that to me is a significant thing. I also consider that the defendant was, in my opinion, selling methamphetamine on a regular basis. . . . You don't get arrested for possession with intent to deliver three times in a period of months unless you're doing it on a regular basis, and it defies common sense to not accept that.
>
> When I consider the nature and circumstances of the crime and the history, character and condition of the defendant, I find that there's an undue risk that the defendant will commit another crime. I believe that he is in need of correctional treatment that can be provided most effectively by his commitment to a State Correctional Institution, and I believe that any lesser sentence would depreciate the seriousness of this crime.

*Id*. at 45-46.

In its Rule 1925(a) Opinion, the court reiterated that Appellant pled guilty to Involuntary Manslaughter, graded as a first-degree misdemeanor, for "causing the death of another human being." Tr. Ct. Op., dated 9/20/23, at 10. It explained that "for Appellant's involuntary manslaughter conviction, the offense gravity score was six (6) and Appellant's prior record score was one (1)," and acknowledged that, while the sentencing guidelines provide an aggravated range minimum sentence of 20 months' incarceration, the minimum sentence it imposed on Appellant is "only four months over the suggested aggravated range." *Id.* at 9. The court further noted that Appellant was a "regular methamphetamine dealer," acknowledging Appellant's prior arrest and his possession and sale of methamphetamine while he was out on bail. *See id*. at 9-10. The court concluded "there's an undue risk that Appellant will commit another crime" and that he is "in need of correctional treatment that can be provided most effectively by his commitment to a State Correctional institution, and any lesser sentence would depreciate the seriousness of the crime." *Id*. at 10, quoting N.T. at 45-46 (brackets and ellipse omitted).

Based on our review, we conclude that the trial court did not abuse its discretion in sentencing Appellant. The court considered not only the seriousness of the offense, but also each of the remaining sentencing factors provided in Section 9721(b), *i.e.*, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the

community, and the rehabilitative needs of the defendant[.]" In addition, the court stated its reasons on the record for slightly deviating from the sentencing guidelines to impose a term of incarceration just 4 months over the recommended aggravated minimum sentence, which included Appellant's repeated possession, use, and sale of methamphetamine even after he was arrested. The court provided sufficient explanation for deviating from the guidelines and its decision to sentence Appellant to a minimum term just 4 months over the aggravated range suggested by the guidelines was "not unreasonable." **Mouzon**, 828 A.2d at 1128. We, thus, find the court properly exercised its discretion.

## F.

Having concluded that the court provided a sufficient and reasonable explanation for slightly deviating from the sentencing guidelines in imposing an aggregate minimum term of 2 years' incarceration after Appellant entered a guilty plea to, *inter alia*, involuntary manslaughter, we affirm Appellant's judgment of sentence.

Judgment of Sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/15/2024