J. S27022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY DWAYNE MIXON-LOVE, | : | |
| | : | |
| Appellant | : | No. 1639 MDA 2015 |

Appeal from the Judgment of Sentence June 25, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division No.: CP-41-CR-0001871-2014

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED JUNE 07, 2016**

Appellant, Anthony Dwayne Mixon-Love, appeals from the Judgment of Sentence entered in the Lycoming County Court of Common Pleas after he entered an open guilty plea to Robbery and several related offenses. Appellant contends that the trial court, by sentencing him to an aggregate term of 12 to 35 years' imprisonment, imposed a manifestly excessive sentence and abused its discretion by failing to consider several mitigating factors. We affirm.

The trial court recited the following underlying facts to which Appellant pleaded guilty:

---

[*] Former Justice specially assigned to the Superior Court.

[O]n May 17th of 2014, close to 2:00 in the morning the [Williamsport] city police responded to the UniMart at 1944 West Fourth Street for a reported armed robbery. The clerk indicated that she had been threatened [by a man] with a gun saying I want 20's, that she would have then responded to that threat by giving the suspect the money from the drawer and observing that the suspect came behind the counter in an attempt to enter the safe, but then fled.

Items were processed at the scene that indicated [Appellant] had touched them and that [Appellant was] arrested while [he was] housed in the county prison for another offense.

N.T. Sentencing, 6/25/15, at 5.

The Commonwealth charged Appellant with Robbery, Possession of Firearm Prohibited, Carrying a Firearm Without a License, Possession of a Weapon ("POW"), Terroristic Threats, Simple Assault, Theft by Unlawful Taking, and Receiving Stolen Property ("RSP").[1] On March 27, 2015, Appellant entered an open guilty plea to all charges. On June 25, 2015, the trial court imposed an aggregate term of 12 to 35 years' imprisonment.[2] Appellant filed a Motion to Reconsider the Sentence, which the trial court denied on September 21, 2015.

---

[1] 18 Pa.C.S. § 3701; 18 Pa.C.S. § 6105; 18 Pa.C.S. § 6106; 18 Pa.C.S. § 907(b); 18 Pa.C.S. § 2706; 18 Pa.C.S. § 2701; 18 Pa.C.S. § 3921; and 18 Pa.C.S. § 3925, respectively.

[2] The trial court imposed a term of 7 to 20 years' imprisonment for the Robbery conviction, a consecutive term of 4 to 10 years' imprisonment for the Possession of Firearm Prohibited conviction, and a consecutive term of 1 to 5 years' imprisonment for the POW conviction. The trial court imposed all other sentences concurrently, and the simple assault conviction merged.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents one issue on appeal:

> Did the trial court abuse its discretion when it imposed consecutive periods of incarceration for a manifestly excessive aggregate sentence of twelve (12) years to thirty-five (35) years when the Court failed to consider mitigating factors such as Mr. Mixon-Love's acceptance of responsibility, his mental health needs, and rehabilitative needs?

Appellant's Brief at 11.[3]

Appellant challenges the discretionary aspect of his sentence. As we have previously stated:

> Initially, we must determine whether [Appellant] has the right to seek permission to appeal the sentencing court's exercise of its discretion. Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing.

*Commonwealth v. Brown*, 982 A.2d 1017, 1018-19 (Pa. Super. 2009) (citation omitted). Instantly, there was no agreement as to sentencing, thus Appellant has the right to seek permission to appeal. *See id.*

"An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely Notice of Appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. *Commonwealth v. Tejada*, 107 A.3d 788, 797-98

---

[3] The Commonwealth did not file a brief in this matter.

(Pa. Super. 2015) (citation omitted); ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013).

Applying the four-part analysis to the instant case, we find that: Appellant preserved his issue in his Post-Sentence Motion, Appellant timely appealed, and Appellant substantially complied with Pa.R.A.P. 2119(f).[4] Accordingly, we ascertain whether Appellant has presented a substantial question.

Appellant argues in his Pa.R.A.P. 2119(f) Statement "that the aggregated consecutive sentence was grossly disproportionate to the crime committed and that the court failed to properly consider his background and need for mental health and rehabilitative treatment." Appellant's Brief at 16.

In ***Commonwealth v. Dodge***, 77 A.3d 1263 (Pa. Super. 2013), the appellant contended the imposition of consecutive sentences was disproportionate to his crimes. ***Id***. at 1271. This Court has "determined that such an assertion, in combination with allegations that a sentencing court did not consider the nature of the offenses or provide adequate reasons for its sentence, presents a plausible argument that the length of the sentence violates fundamental sentencing norms." ***Id.*** at 1271-72.

---

[4] Pa.R.A.P. 2119(f) Statement "must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated […] and what fundamental norm the sentence violates and the manner in which it violates that norm[…]. ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

We find that Appellant's Rule 2119(f) statement presents a substantial question. *See id.* Therefore, we will review the merits of Appellant's challenge to the discretionary aspects of his sentence.

On appeal, Appellant briefly argues that the trial court's consecutive sentences constituted a manifestly excessive aggregate sentence. Appellant's Brief at 18. Further, Appellant contends that the trial court "failed to consider mitigating factors[,] such as [Appellant's] acceptance of responsibility, his mental health needs, and rehabilitative needs." *Id*. Appellant also mentions several collateral consequences that he believes demonstrate the excessiveness of his sentence, including that he will be removed "from the community resources that aided in his rehabilitation" as well as "a ten-year-gap on his resume[, which] will greatly reduce his ability to obtain employment and become a more productive member of society." *Id*. at 19. Appellant concludes by averring "that a ninety (90) month sentence, with the rest of the charges run concurrent, would be the most appropriate given the facts and circumstances." *Id*.

The "proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). An "abuse of discretion is more than a mere error of judgment; thus a sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality,

prejudice, bias or ill-will.'" ***Id***. (quoting ***Commonwealth v. Smith***, 673 A.2d 893, 895 (Pa. 1996)). A trial court has the sound discretion to determine a sentence since it is in the best position to consider the defendant's character, display of remorse, defiance, or indifference, and the overall effect and nature of the crimes. ***Commonwealth v. Begley***, 780 A.2d 605, 643 (Pa. 2001).

In sentencing a defendant, the sentencing court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. The sentencing court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing. ***Id***. To determine the standard guideline sentence, the sentencing court calculates the Offense Gravity Score and Defendant's Prior Record Score; it then considers any aggravating or mitigating factors. 204 Pa.Code § 303.2(a).

The trial court imposed a standard guideline range sentence on each of Appellant's convictions, which Appellant concedes. Trial Court Opinion, filed 9/21/15, at 3; Appellant's Brief at 13. A review of the sentencing hearing transcript reveals the trial court adequately stated on the record the reasons for the sentences, and described in detail that it considered the sentencing guidelines and the pre-sentence investigation report; Appellant's age,

background, work history, criminal history, and his particular rehabilitative needs; the nature, circumstances, and seriousness of the offenses; and the protection of the community. N.T. Sentencing, 6/25/15, at 2-15, 29-31; Trial Court Opinion, filed 9/21/15, at 3.

Specifically, the trial court took into consideration, *inter alia*, that Appellant pled guilty to all charges without a negotiated sentence, and that Appellant accepted responsibility for his actions. N.T. Sentencing, 6/25/15, at 2, 31. The trial court extensively reviewed Appellant's mental health history and rehabilitative needs. *Id.* at 7, 10-15. The trial court also noted, *inter alia*, Appellant's "poor response to supervision, [Appellant]'s poor adjustment to incarceration, and the Court's belief that [Appellant] minimized accountability." Trial Court Opinion, filed 9/21/15, at 3. Of particular note, the trial court reviewed copies of inmate incident reports indicating that Appellant threw "urine and feces on another inmate in the county prison" just two weeks prior to his sentencing hearing. N.T. Sentencing, 6/25/15, at 4, 21-22.

Regarding Appellant's argument that the sentence was excessive due to the consecutive sentences imposed, the trial court stated, "each crime that has a consecutive sentence protects an interest different from the crime to which it is consecutive." Trial Court Opinion, filed 9/21/15, at 3.

In light of the foregoing, we conclude the trial court did not abuse its discretion in imposing several consecutive sentences that resulted in an

aggregate term of 12 to 35 years' incarceration. **See Austin**, **supra** at 809-10 (holding that trial court did not abuse its discretion in imposing consecutive sentences, resulting in lengthy aggregate sentence, given the trial court reviewed and considered, *inter alia,* the pre-sentence investigation report, sentencing guidelines, and fully and adequately set forth reasons for its sentence).

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judge Shogan joins this Memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016