J-S64031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JORDON SCOTT BROWN | |
| Appellant | No. 719 MDA 2017 |

Appeal from the Judgment of Sentence December 1, 2016
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000577-2015

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED NOVEMBER 30, 2017**

Appellant, Jordon Scott Brown, appeals from his aggregate sentence of eighteen to thirty-six years' imprisonment for attempted manslaughter of a law enforcement officer[1] and arson (placing person in danger of death or bodily injury).[2]  Appellant argues that the trial court erred by, *inter alia*, miscalculating his standard range sentence for attempted manslaughter and failing to provide reasons for imposing an aggravated range sentence for attempted manslaughter.  We affirm.

On November 28, 2015, Appellant set his family's trailer on fire and fired a shotgun at two state troopers who were responding to his girlfriend's

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a), 2507.

[2] 18 Pa.C.S. § 3301(a)(1)(i).

call for help. On September 2, 2016, Appellant pleaded guilty to the above offenses and to reckless endangerment[3] in return for a "capped plea" of 18 to 36 years' imprisonment, *i.e.*, a sentence that could not exceed 18 to 36 years.

Sentencing took place on December 1, 2016. Appellant's Sentencing Guidelines form for attempted manslaughter indicates that his prior record score ("PRS") was 3, and that he was subject to a deadly weapon enhancement for firing a shotgun during the offense. Noting that Appellant's offense gravity score ("OGS") for attempted manslaughter was 13, the trial court stated that the standard range sentence for this offense was 96 to 114 months' imprisonment. N.T., 12/1/16, at 1-2. The trial court also observed that the standard range sentence for arson was 30 to 42 months' imprisonment.[4] *Id.* at 2.

The trial court continued:

> [I]t's my duty to look at the rehabilitative needs of the Defendant and I've done that but there also comes a time when I have to look at the protection of the public and in this case more importantly the gravity of the offenses as it relates to the impact on the life of the victim. I heard from these victims and what it did to them and what it did [to] their family. You can't take that back. You can show remorse here and everybody can tell me what a good guy you've been up to that night and after that night but you

---

[3] 18 Pa.C.S. § 2705. The trial court ultimately did not impose any penalty for this offense.

[4] Appellant's Sentencing Guidelines form for arson indicates that there was no deadly weapon used in the commission of this offense.

can't take that back. You can't take back what you did to Trooper Harris and the fact that every time he goes on call he's placed at risk. You shot at a law enforcement officer and I'm not sure how they do things in Portland, Oregon or Charlotte, North Carolina, but when you're in Huntingdon County, Pennsylvania and you shoot at a law enforcement officer there are going to be significant consequences.

*Id.* at 11. The trial court sentenced Appellant to 10 to 20 years' imprisonment for attempted manslaughter and a consecutive term of 8 to 16 years' imprisonment for arson. *Id.* at 12. The attempted manslaughter sentence was in the aggravated sentencing range of 115 to 127 months,[5] and the arson sentence exceeded the aggravated sentencing range of 53 to 64 months.[6] Appellant's aggregate sentence of 18 to 36 years' imprisonment was the lengthiest sentence permissible under the terms of his guilty plea.

Appellant filed timely post-sentence motions, which the trial court denied, and a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this appeal, Appellant raises the following issues:

1. The [s]entencing [c]ourt abused its discretion when it sentenced [Appellant] to the statutory maximum sentence for Criminal Attempt—Manslaughter of a Law Enforcement Officer of a minimum period ten years to a maximum period of twenty years, when the standard guideline range for this offense with an OGS of 13 and a PRS of 3 is 78-96

---

[5] **See** 204 Pa. Code 303.18 (deadly weapon enhancement/used Sentencing Guidelines matrix).

[6] **See** 204 Pa. Code 303.16 (standard range Sentencing Guidelines matrix).

months with an aggravated range of up to 108 months [w]hile providing no reasons on the record for an aggravated sentencing[] nor [providing] a contemporaneous written statement giving reasons for going outside the guidelines.

2. The [s]entencing [c]ourt abused its discretion when it sentenced [Appellant] for Arson—Danger of Death or Bodily Injury, by sentencing [Appellant] to a minimum sentence of eight years to a maximum sentence of sixteen years, when the standard guideline range for this offense with an OGS of 9 and a PRS of 3 is 30-42 months with an aggravated range of up to 54 months [w]hile providing no reasons on the record for an aggravated sentencing[] nor [providing] a contemporaneous written statement giving reasons for going outside the guidelines.

Appellant's Brief at 1-2.

This Court has stated that:

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:

[W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006)

(quotation marks and some citations omitted).

> The Rule 2119(f) statement
>
> > must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (e.g., the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (emphasis in original).

Here, Appellant timely appealed, preserved his discretionary aspects of sentencing issue in his motion for reconsideration of sentence, and included a Pa.R.A.P. 2119(f) statement in his brief. ***See Evans***, 901 A.2d at 533. Appellant's first argument—the trial court miscalculated the standard sentencing range for attempted manslaughter—raises a substantial question, because we have held that "the [trial] court must begin its calculation of a sentence from the correct starting range," and "[w]hen a sentencing court fails to begin its calculation of sentence from the correct starting point, this Court will vacate the sentence and remand for reconsideration of sentence. ***Commonwealth v. Raybuck***, 915 A.2d 125, 129 (Pa. Super. 2006) (citations omitted). Appellant's second argument—the court failed to

- 5 -

provide any reasons on the record or in a contemporaneous writing for imposing an aggravated sentence—raises a substantial question as well, given the Sentencing Code's directive that "[i]n every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). We thus turn to the substance of Appellant's arguments.

We find no merit in Appellant's challenge to the calculation of his standard range sentence for attempted manslaughter. The trial court correctly calculated the standard range as 96 to 114 months' imprisonment in view of Appellant's PRS of 3, his OGS of 13 and the deadly weapon enhancement for firing a shotgun.[7] **See** 204 Pa. Code § 303.16. As a result, the trial court arrived at Appellant's aggravated sentence of ten to twenty years' imprisonment from the correct starting point. **See Raybuck**, 915 A.2d at 129.

Next, Appellant argues that the trial court failed to provide any explanation for imposing aggravated range sentences. We disagree. The trial court stated on the record (somewhat rhetorically) that the gravity of Appellant's crime of shooting at two law enforcement officers justified an

---

[7] The trial court correctly calculated Appellant's standard range sentence for arson as 30 to 42 months' imprisonment. **See** 204 Pa. Code § 303.16.

aggravated range sentence. We disagree with Appellant's alternative argument that the trial court failed to provide a contemporaneous **written** explanation for Appellant's sentence in violation of 42 Pa.C.S. § 9721. The requirement of a written statement "is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence." *Commonwealth v. Widmer,* 667 A.2d 215, 223 (Pa. Super. 1995), *reversed on other grounds,* 689 A.2d 211 (Pa. 1997) (citation and quotation marks omitted). The trial court fulfilled this duty by stating its reasons for Appellant's sentence on the record and in Appellant's presence.

Because Appellant merely argued that the trial court gave no reasons at all and did not directly take issue with the reasons given by the trial court for imposing an aggravated sentence, we have no further basis to disturb the sentence. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017