J-S28008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LONG | : | |
| | : | |
| Appellant | : | No. 1634 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 20, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004994-2016

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 25, 2019**

John Long appeals from the judgment of sentence of an aggregate term

of nine to twenty years of incarceration.  We affirm.

The trial court summarized the history of this case as follows.

> On June 4, 2018, a bench trial was held before this court, and [Appellant] was convicted of the following charges: [count 1] possession with intent to deliver ("PWID") - Oxycodone; [count 2] possession of a controlled substance - Xanax; [count 3] possession of drug paraphernalia; [count 4] theft by unlawful taking ("TBUT"); disorderly conduct and public drunkenness. [Appellant] was determined to be eligible for the recidivism risk reduction incentive ("RRRI") program.  A pre-sentence investigation report ("PSI report") was ordered, and sentencing was deferred.
>
> With a prior record score of five, the sentencing guidelines worksheets provided to the court indicated the following standard minimum incarceration sentence ranges for the offenses of which [Appellant] was convicted, as well as the number of months to be added or subtracted for aggravating or mitigating circumstances:

---

* Retired Senior Judge assigned to the Superior Court.

| Count 1 | . . . | 7[2] - 90 months, | +/- 12 months |
| Count 2 | . . . | 6 - 16 months, | +/- 9 months |
| Count 3 | . . . | RS -6 months, | +/- 3 months |
| Count 4 | . . . | 6 - 16 months, | +/- 3 months |

A sentencing hearing was held on July 20, 2018, and the court imposed the following sentences:

| Count 1 | . . . | 7½ - 15 years' incarceration |
| Count 2 | . . . | 6 - 12 months' incarceration |
| Count 4 | . . . | 1½ - 5 years' incarceration |
| [Remaining counts | costs only] | |

The sentence on count 2 was made to run concurrent with count 1, while the sentence on count 4 was made to run consecutive to count 1. [Appellant]'s aggregate term of incarceration was nine to twenty years' incarceration, with an RRRI minimum of seventy-eight and one-half months, plus costs.

Trial Court Opinion, 8/27/18, at 1-2 (footnotes, unnecessary capitalization, and repetition of values in numerical form omitted).

Appellant filed a timely post-sentence motion seeking modification of his sentence. The trial court denied the motion, after which Appellant filed a timely notice of appeal. The trial court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed.

Appellant submits the following questions for this Court's consideration:

I.    Was the trial court's aggregate sentence of 9 to 20 years of incarceration following a bench trial so manifestly excessive as to constitute too severe a punishment, unreasonable under the circumstances of this case, inconsistent with the rehabilitative needs of the defendant, and therefore, an abuse of discretion?

II.    Did the [trial c]ourt err when it used as its sole reason for the consecutive sentences, erroneous considerations including the

nature of the instant charges which is already considered in the applicable guideline ranges?

Appellant's brief at 6.

The following principles apply to our consideration of whether Appellant's questions raise a viable challenge to the discretionary aspects of his sentence.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed a timely notice of appeal and preserved the issue in a timely post-sentence motion seeking reconsideration of his sentence. Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Thus, we consider whether Appellant has raised a substantial question.

Appellant avers that the aggregate sentence is manifestly excessive and inconsistent with his rehabilitative needs because the trial court failed to

consider mitigating factors, and that it is improperly based upon the trial court's double counting of a factor already contemplated by the sentencing guidelines. Appellant's brief at 6, 13-14. We conclude that Appellant has raised a substantial question that the sentence is not appropriate under the sentencing code. *See*, *e.g.*, *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa.Super. 2013) (holding claims that the trial court failed to consider relevant sentencing criteria and relied upon impermissible sentencing factors presented substantial questions). Therefore, we shall proceed to address the merits of Appellant's claims.

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009). Hence, we review the sentencing court's sentencing determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

While its discretion is broad, "the trial court's discretion is not unfettered." ***Commonwealth v. Coulverson***, 34 A.3d 135, 144 (Pa.Super. 2011). A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

"When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Antidormi***, ***supra*** at 761 (citations and quotation marks omitted). "And, of course, the court must consider the sentencing guidelines." ***Coulverson***, ***supra*** at 144 (cleaned up).

With these principles in mind, we turn to Appellant's first argument, which he states as follows:

> [Appellant] has had a drug addiction for over ten years. His addiction stemmed from a hand injury for which he received an injection of Dilantin. He has been using opiates in one form or another since that time. [Appellant] had been staying with his aunt in the month prior to his arrest, and he stole her newly-filled prescription for Oxycodone. At trial, he testified that he felt bad for stealing from his aunt, and eventually planned to return the pills to her.
>
> Given the circumstances underlying how [Appellant] got the pills, the fact that he admitted to taking them and that he planned on returning them, the application of the standard guidelines and a concurrent sentence would have been appropriate. The court's sentence in this case was clearly unreasonable, as it is

- 5 -

unnecessary to confi[n]e [Appellant] to incarceration for a minimum of nine years, when it is clear that he could benefit from rehabilitation and treatment for his drug addiction.

Appellant's brief at 19 (citations omitted). In sum, Appellant's position is that "the circumstances of the offense and [Appellant's] drug history are in favor of a lesser sentence." Appellant's brief at 18.

The trial judge had the benefit of a PSI report, and is therefore presumed to have considered all appropriate sentencing factors. ***See***, ***e.g.***, ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa.Super. 2018). Moreover, the trial court expressly acknowledged that Appellant's addiction played a role in his crimes, but that he had not availed himself of the "many opportunities to seek treatment and rehabilitation and make changes" that he has had, given his long involvement with the criminal justice system. N.T. Sentencing, 8/13/18, at 12. Rather, Appellant continued to engage in a number of "extremely serious crimes" that demonstrate that he is "a threat to the community." ***Id***.

Thus, the record reveals that the trial court did consider the appropriate factors. Appellant simply does not like the weight that the trial court accorded them, and he asks this Court to re-weigh the competing factors to reach a different result. This we cannot do. ***See***, ***e.g.***, ***Macias***, ***supra*** at 778 ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.").

Appellant's second argument is that the trial court considered improper factors in determining the sentence, in effect double counting a consideration that was already incorporated in the sentencing guidelines.[1]  Specifically, Appellant points to the trial court's reliance upon the fact that Appellant stole a purse from someone who was "completely an innocent bystander" in deciding upon an aggravated range sentence for TBUT.  Appellant's brief at 20.  Appellant maintains that such "is a factor that is already considered in determining the standard range of the sentencing guidelines for the [TBUT] charge, as most victims of theft are innocent victims who did not ask or consent to have their belongings taken."  *Id*. at 20-21.

The context of the trial court's statement at the sentencing proceeding is as follows:

> [W]hat made you need to steal that purse, I have no idea.  And that person is completely an innocent bystander in all of this.  This wasn't somebody in a drug deal gone bad, or anything like that who has done anything to you.
>
> It is, in my opinion, by my observation of your record, one more of many extraordinarily poor decisions that you've made, not unlike many of the fleeing and attempting to elude apprehension charges that you've faced.

---

[1] On appeal, Appellant also raises a double-counting claim in that the trial court's complaint that, by selling drugs, Appellant was "getting out there and influencing other people by putting product in their way," which was "the very definition" of PWID.  Appellant's brief at 21.  This issue was not raised before the trial court, and is therefore not properly before us.  *See Commonwealth v. Samuel*, 102 A.3d 1001, 1006 (Pa.Super. 2014) (providing that a sentencing challenge must have been "properly preserved at sentencing or in a motion to reconsider and modify sentence").

You do things, it would seem, very impulsively based on what you believe your immediate best interest is, which is to get the heck out of Dodge when it looks like things are going to go south for you.

. . . .

[TBUT], movable property, this person was an absolute innocent bystander having nothing to do whatsoever with anything that [Appellant] was in the neighborhood for and, therefore, I am going to sentence in the aggravated range[.]

N.T. Sentencing, 8/13/18, at 13-14, 16. In its opinion, the trial court reiterated that it "was extremely troubled by the circumstances under which the theft occurred, as [Appellant] haphazardly decided to steal an innocent bystander[']s purse while possessing, and intending to distribute, a large quantity of narcotics." Trial Court Opinion, 8/27/18, at 7.

A person commits TBUT "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). Plainly, the trial court's concerns are not incorporated within the elements of the crime. Rather, they reflect the trial court's required consideration of "the particular circumstances of the offense and the character of the defendant." **Antidormi**, **supra** at 761 (cleaned up). As such, we discern no abuse of discretion in the trial court's reliance upon the nature of the victim in imposing an aggravated-range sentence. **Accord Commonwealth v. Goggins**, 748 A.2d 721, 732 (Pa.Super. 2000) (holding sentencing court did not double-count the amount of drugs possessed by defendant in imposing a sentence above the applicable drug-weight-based

mandatory minimum; instead, its focus upon the number of packets of the drug, and hence the number of individuals to whom they were intended to be sold, reflected proper consideration of the impact of the offense on the public).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2019