J-S58034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SALINA MICHELLE GARLAND | : | |
| | : | |
| Appellant | : | No. 719 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 31, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0002357-2015

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 19, 2019**

Appellant, Salina Michelle Garland, appeals from the Judgment of

Sentence imposed by the Cambria County Court of Common Pleas after a jury

convicted her of Manufacture, Delivery, or Possession with Intent to

Manufacture or Deliver a Controlled Substance; Intentional Possession of a

Controlled Substance; and Criminal Use of a Communication Facility.[1]

Appellant challenges the sufficiency and weight of the evidence in support of

her convictions, and the discretionary aspects of her sentence. After careful

review, we affirm.

The relevant facts, as gleaned from the certified record, are as follows.

Cambria County Drug Task Force ("CCDTF") Agent Thomas Keirn arranged a

controlled narcotics purchase, in which Undercover Narcotics Agent Thomas

---

[1] 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(16); and 18 Pa.C.S. §
7512(a), respectively.

Moore accompanied a confidential informant ("CI") to purchase heroin from Appellant.

On March 4, 2015, the CI called Appellant to purchase 10 stamp bags of heroin. They agreed to complete the purchase at a residence located at 112 Sheridan Street in Johnstown. Agent Moore drove the CI to the residence and gave the CI $100 to make the purchase.[2] When they entered the residence's living room, Appellant requested the $100, which the CI gave to her. Appellant then made a phone call. She advised the CI and Agent Moore that she could provide only 9 stamp bags of heroin; they agreed to purchase 9 bags for the $100.

Approximately 20 minutes after Appellant's phone call, a white Kia automobile arrived at 112 Sheridan Street. The individual in the Kia entered the residence for a couple minutes. After the individual left, Appellant gave the CI 8 bags of heroin; Appellant kept one bag as additional payment.

The CI and Agent Moore then left the residence. The CI gave Agent Moore the 8 bags of heroin, which were sent to the Pennsylvania State Police Crime Lab for testing. A forensic analysis revealed that the 8 bags contained a total of 0.14 grams of heroin.

Appellant was arrested in November 2015. Her jury trial on the above charges commenced on March 15, 2017. At trial, the Commonwealth

_____

[2] Agent Keirn photocopied five $20 bills to record the money's serial numbers. He then gave the $100 to Agent Moore for the controlled purchase.

presented the testimony of, *inter alia*, the agents and detectives involved in the March 4, 2015 controlled narcotics purchase—Agent Moore, Agent Keirn, Detective Bernard, and Detective Arcurio.[3] The jury convicted Appellant of the above offenses. The trial court ordered the preparation of a Presentence Investigation ("PSI") Report prior to sentencing.

On May 31, 2017, after hearing testimony and argument from counsel, and reviewing the PSI Report, the court sentenced Appellant to an aggregate term of 16 to 120 months of incarceration. Appellant initially filed a *pro se* Post-Sentence Motion, which the court improperly treated as a petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. After this Court reinstated Appellant's post-sentence rights *nunc pro tunc*, newly appointed counsel filed a timely Post-Sentence Motion. The court denied Appellant's Motion.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, reordered for ease of disposition:

1. The Appellant's conviction for one count of Intentional Possession of Controlled Substance by a Person Not Registered (35 Pa.C.S.A. § 780-113(A)(16) (M)[)]; Manufacture, Delivery, or Possession [w]ith Intent to Manufacture or Deliver (35 Pa.C.S.A. § 780[]-113(A)(30)(F)[)]; and Criminal Use of a Communication Facility (18 Pa.C.S.A. § 7512(A) (F-2)[)] was

---

[3] The CI did not testify in order to protect his/her identity.

against the weight and sufficiency of evidence presented at trial by the Commonwealth.

2. The Appellant's sentence was excessive in light of the evidence presented at trial, which shows that the drugs allegedly in her possession was more synonymous with possession as opposed to delivery.

Appellant' Br. at 5.

In her first issue, Appellant challenges the sufficiency of the evidence supporting her convictions. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

To sustain a conviction for Intentional Possession of a Controlled Substance, the Commonwealth must prove that Appellant "[k]nowingly or intentionally possess[ed] a controlled or counterfeit substance[.]" 35 P.S. § 780-113(a)(16).

To sustain a conviction for Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, the Commonwealth must prove, *inter alia*, that a defendant delivered a controlled substance without proper authorization. 35 P.S. § 780-113(a)(30).[4] Delivery is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance[.]" 35 PS. § 780–102. "A defendant actually transfers drugs whenever [s]he physically conveys drugs to another person." ***Commonwealth v. Murphy***, 844 A.2d 1228, 1234 (Pa 2004). "Section 780–113(a)(30) does not require that a party make a profit, it simply prohibits 'delivery.'" ***Commonwealth v. Morrow***, 650 A.2d 907, 912 (Pa. Super. 1994). Additionally, "[t]he amount of the controlled substance is not 'crucial to establish an inference of possession with intent to deliver[.]'" ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1237 (Pa. Super. 2007) (citation omitted). The court views the totality of circumstances when evaluating whether a defendant committed Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance. ***Id.***

The Crimes Code has defined the offense of Criminal Use of a Communication Facility, in relevant part, as follows:

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L.

---

[4] A violation of 35 P.S. § 780-113(a)(30) involving heroin is a felony. 35 P.S. § 780-113(f).

- 5 -

233, No. 64) known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S. § 7512(a). The term "communication facility" includes telephones. *Id.* at Section 7512(b). To sustain a conviction for Criminal Use of a Communication Facility, "the Commonwealth must prove beyond a reasonable doubt that: (1) Appellant knowingly and intentionally used a communication facility; (2) Appellant knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred." *Commonwealth v. Moss*, 852 A.2d 374, 381 (Pa. Super. 2004).

Instantly, the Commonwealth presented evidence that on March 4, 2015, the CI called Appellant on a telephone, met with Appellant, provided money to Appellant, obtained heroin from Appellant, and turned the heroin over to the police. Agent Moore observed the CI make the phone call to Appellant and was present during the heroin transaction, and offered his testimony at trial. Agent Keirn also testified about arranging the controlled buy with the CI and Appellant, his witnessing the CI call Appellant on March 4, 2015 to arrange the heroin transaction, and his surveillance of 112 Sheridan Street on March 4, 2015.

Viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to prove Intentional Possession of a Controlled Substance, Manufacture, Delivery, or Possession with Intent to Manufacture

or Deliver a Controlled Substance, and Criminal Use of a Communications Facility. Thus, Appellant's sufficiency challenge has no merit.[5]

In her second issue, Appellant challenges the discretionary aspects of her sentence. Appellant's Br. at 9-11.

Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, preserving the issue in a Post-Sentence Motion, and including a Statement of Reasons Relied Upon for Allowance of Appeal

---

[5] Appellant also asserts that "the weight of evidence presented by the Commonwealth at trial did not warrant [her] convictions, even if all evidence presented by the Commonwealth was believed by the [j]ury." Appellant's Br. at 16, 21. This argument is a sufficiency challenge. *See Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014) (noting that a weight challenge questions the evidence that the jury chose to believe). Accordingly, her purported weight challenge merits no relief.

pursuant to Pa.R.A.P. 2119(f). Before reaching the merits of Appellant's argument, we must review Appellant's Rule 2119(f) Statement to determine if he has presented a substantial question for our review.

Whether a substantial question has been raised regarding a discretionary sentence is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and quotation omitted).

> This Court has held that
>
> the Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.,* the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.,* the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range).

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000).

In the instant case, without referencing the sentencing guidelines at all, "what particular provision of the Code is violated," or "what fundamental norm the sentence violates and the manner in which it violates that norm," Appellant avers in her Rule 2119(f) Statement that her aggregate sentence of 16 to 120

months' incarceration was unduly harsh and an abuse of discretion because, *inter alia*, she had been compliant with her probation, appeared for all hearings, and had taken part in drug treatment. Appellant's Br. at 9. She essentially disagrees with the court's consideration of mitigating factors.

This Court has consistently held that an allegation that a sentencing court "did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." **Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545 (Pa. Super. 1995) (citation and internal quotation marks omitted); **see also Commonwealth v. Rhoades**, 8 A.3d 912, 918-19 (Pa. Super. 2010) (stating "an allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review").[6]

Appellant has failed to raise a substantial question. Accordingly, we decline to review Appellant's challenge to the discretionary aspects of her sentence.

Judgment of Sentence affirmed.

_____

[6] Moreover, where the sentencing court had the benefit of a PSI, we can assume the sentencing court "was aware of relevant information . . . and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2019