J-S62021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIARA DESHAWN CAROTHERS | : | No. 487 WDA 2019 |

Appeal from the Judgment of Sentence Entered, March 8, 2019,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002556-2018.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED FEBRUARY 3, 2020**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed on Kiara Deshawn Carothers following her conviction of firearms not to be carried without a license and recklessly endangering another person.[1]  We affirm.

Carothers discharged a firearm in the direction of a group of people, apparently in retaliation for the smashing of a window of the vehicle in which she was riding as a passenger.  *See* Trial Court Opinion, 5/28/19, at 1. Carothers was arrested and charged at Count One with firearms not to be carried without a license, and at Count Two with recklessly endangering another person.  She pleaded guilty to both counts.  On January 30, 2019, the

_____

[1] *See* 18 Pa.C.S.A. §6106(a)(1), 2705

trial court sentenced her at Count One to forty-eight months of a restrictive intermediate punishment program ("RIPP"), including five months of incarceration, followed by six months of electronic monitoring, followed by four months of intensive supervision. At Count Two, the trial court sentenced her to one year of probation, consecutive to Count One. *See id*.

The Commonwealth filed a motion for reconsideration. Following a hearing, the trial court resentenced Carothers as follows: at Count One to sixty months of RIPP, including five months of incarceration, followed by nine months of electronic monitoring, followed by three months of intensive supervision; and at Count Two to one year of probation, consecutive to Count One. *See id*. at 2.

The Commonwealth filed a timely notice of appeal. The trial court directed the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, the Commonwealth filed a concise statement in which it challenged the discretionary aspects of Carother's sentence, as follows:

1. The Commonwealth respectfully posits that [the trial] court abused its discretion in imposing mitigated-range sentences at both counts, which sentences run afoul of the spirit and express objectives of the Pennsylvania Sentencing Guidelines, and for which no justification is apparent.

2. Further, to the extent that [the trial] court relied on [Carother's] production of offspring and the financial costs associated with imposing standard-range sentences (namely, [the] court's assertion that housing an inmate costs $42,000 per year), the Commonwealth respectfully asserts that said circumstances do not constitute mitigating factors and were

improperly relied upon in [the] court's imposition of the mitigated-range sentences referenced above.

Concise Statement, 4/7/19, at unnumbered 2-3 (some capitalization omitted).

Initially, we observe that a concise statement must be specific enough for the trial court to identify and address each issue the appellant wishes to raise on appeal, and the court may find waiver where a concise statement is too vague. **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." **Id**. at 686-87.

Here, the trial court deemed the Commonwealth's issues waived as vague. **See** Trial Court Opinion, 5/28/19, at 2-3. The trial court characterized the first issue as "generic," and noted that "the Commonwealth fails to give any specific reasons how the sentences 'run afoul of the express objectives of the Pennsylvania Sentencing Guidelines.'" Trial Court Opinion, 5/28/19, at 3.

The trial court additionally determined that the Commonwealth's discretionary challenges were not reviewable. As we have explained, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, ***see***
> Pa.R.A.P. 902 and 903; (2) whether the issue was properly
> preserved at sentencing or in a motion to reconsider and modify
> sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief
> has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there
> is a substantial question that the sentence appealed from is not
> appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A.
> § 9781(b).

***Id***. (citation omitted). We determine the existence of a substantial question on a case-by-case basis. ***See Commonwealth v. Feucht***, 955 A.2d 377, 384 (Pa. Super. 2008). A substantial question exists only when "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Diehl***, 140 A.3d 34, 44-45 (Pa. Super. 2016) (internal citations and quotation marks omitted).

The trial court concluded that the Commonwealth failed to raise a substantial question that the sentences appealed from are not appropriate under the Sentencing Code. Trial Court Opinion, 5/28/19, at 3. Specifically, the trial court stated "the Commonwealth's [Pa.R.A.P.] 1925(b) statement fails to set forth a plausible argument the sentences at Counts One or Two violated a particular provision of the Sentencing Code or were contrary to the fundamental norms underlying the sentencing scheme." ***Id***. at 3-4.

Notably, with respect to its first issue, the Commonwealth argued in its concise statement that the "sentences run afoul of the spirit and express objectives of the Pennsylvania Sentencing Guidelines." Concise Statement,

4/7/19, at unnumbered 2. However, in its Rule 2119(f) statement, the Commonwealth stated its first issue differently, arguing instead that "the trial court failed to consider general sentencing standards set forth in 42 Pa.C.S.A. § 9721(b), and failed to properly consider and apply the sentencing factors within 42 Pa.C.S.A. § 9722 and 9725." Commonwealth's Brief at 5.

Under our appellate rules, an appellant may not raise issues on appeal that were not raised before the trial court. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Moreover, if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

Here, we deem as waived the Commonwealth's argument that the trial court failed to properly consider and apply the sentencing factors because it was not raised in its concise statement. *See Feucht*, 955 A.2d at 384 (holding that "we will only evaluate substantive claims that were relied upon in the concise statement"). Thus, even if the Commonwealth's first issue was not waived at the trial court for vagueness, it is otherwise waived on appeal.

With respect to the Commonwealth's second issue challenging the application of mitigating factors, we observe that it failed to raise or discuss this issue in its Rule 2119(f) statement. When an appellant has raised a discretionary sentencing challenge, the Rule 2119(f) statement must explain

where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the Sentencing Code and/or what fundamental norm was violated, and explain how and why the sentencing court violated that particular provision and/or norm. ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000). If an appellant fails to include a discretionary sentencing issue in his Rule 2119(f) statement, and the appellee objects, then the issue is waived and this Court may not review the claim. ***See Commonwealth v. Feucht***, 955 A.2d 377, 384 (Pa. Super. 2008). As Carothers has objected to the Commonwealth's failure to address its second issue in its Rule 2119(f) statement, it is waived.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2020

---

[2] Carothers also argues that the Commonwealth's second issue is waived for failure to raise it at sentencing or in a post-sentence motion. ***See*** Pa.R.Crim.P. 720. However, we need not address that argument, as we find other bases for waiver.