J-S18012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                              :         PENNSYLVANIA
                              :
              v.                 :
                              :
                              :
JESUS GARAY                 :
                              :
          Appellant         :     No. 3126 EDA 2022

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002253-2015

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:         **FILED AUGUST 1, 2023**

Jesus Garay appeals the judgment of sentence entered by the Philadelphia Court of Common Pleas on November 18, 2022, for resentencing of his burglary after the court found that he had violated the conditions of his probation for the second time. Garay claims the trial court failed to state on the record the reasons for the sentence and abused its discretion by imposing an excessive sentence. We find the claims without merit and affirm.

For purposes of this appeal, the facts and procedural history are not contested. On January 22, 2015, police arrested Garay after they witnessed him running out the back door of a home from which he was stealing personal property. *See* N.T. 6/4/2015, pg 5-6. On June 4, 2015, Garay entered a

---

[*] Former Justice specially assigned to the Superior Court.

negotiated guilty plea for Burglary of an Overnight Accommodation with a Person Present and was sentenced to a maximum of four years of probation. *See* CP-51-CR-0002253-2015, Order – Negotiated Guilty Plea, 6/4/2015.

On September 19, 2018, Garay entered into another negotiated guilty plea for Possession With Intent to Manufacture or Deliver (hereinafter "PWID") for which he was sentenced to three years of probation. *See* CP-51-CR-0002858-2018, Order – Violation of Probation, 9/19/2018. The court found this conviction to be a violation of the terms of his burglary probation, and re-sentenced Garay to an additional three years' probation for the burglary conviction to run concurrently with his PWID probation. *See Id.*

On August 19, 2022, Garay entered yet another negotiated guilty plea, this time for Possession of a Firearm by a Person Prohibited after he was arrested for brandishing a firearm and shooting multiple rounds inside his home during an altercation with his girlfriend. *See* N.T. 11/18/2022, at 7. For this plea, Garay was sentenced to 11 1/2 to 23 months of confinement and three years of probation. *See id.*

On November 18, 2022, the trial court determined that Garay's conviction for Possession of a Firearm by a Person Prohibited was a violation of the conditions of his burglary probation. Based on this violation, the court re-sentenced Garay to serve 10 to 20 years' incarceration for the burglary conviction. *See* 51-CR-0002253-2015, Order – Negotiated Guilty Plea, 11/18/2022. Additionally, the court re-sentenced Garay to two and one-half

to five years' probation for the PWID conviction, with the sentences to run concurrently. *See id.* Garay filed a Motion for Reconsideration of Sentence which the trial court denied. On December 6, 2022, Garay filed this appeal.

On appeal, Garay argues the court abused its discretion by failing to state reasons on the record for the sentence imposed, and further, that the sentence imposed was excessive. Garay concedes these issues constitute challenges to the discretionary aspects of his sentence. *See* Appellant's Brief, at 5-6.

This court will not disturb a trial court's sentence unless the trial court abused its discretion by exercising judgment that was "manifestly unreasonable, or the result of partiality, bias, or ill-will." *Commonwealth v. Pollard*, 832 A.2d 517, 525 (Pa. Super. 2003). Section 9721(b) of the Pennsylvania Sentencing Code sets forth "the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721. However, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

To invoke this Court's jurisdiction over this issue, Garay must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Garay preserved his issues through a timely post-sentence motion to modify his sentence and filed a timely appeal. Further, counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Garay has raised a substantial question.

We must examine Garay's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted); ***see also*** Pa.R.A.P. 2119(f).

Garay "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***McAfee***, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a

particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

In his first challenge, Garay argues the court violated the Sentencing Code by failing to state the reasons for the sentence of confinement on the record. This claim raises a substantial question. ***See Commonwealth v. Goggins***, 748 A.2d 721, 728 (Pa. Super. 2000). Next, Garay asserts that the court erred by focusing solely on the seriousness of the offense without considering all other relevant factors. This also raises a substantial question. ***See Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009). We therefore turn to the merits of Garay's claims.

Section 9721(b) of the Sentencing Code requires the court imposing the sentence or resentence following revocation of probation "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Similarly, the Pennsylvania Rules of Criminal Procedure require that "[t]he judge … state on the record the reasons for the sentence imposed." Pa. R. Crim. P. 708(d)(2). However, the court is not required to "undertake a lengthy discourse for its reasons for imposing a sentence" as long as the record as a whole "reflects the sentencing court's consideration of the facts of the crime

and the character of the offender." ***Commonwealth v. Colon***, 102 A.3d. 1033, 1044 (Pa. Super. 2014).

Garay argues the trial court failed to state on the record its reason for the sentence. However, the record reflects the trial court did state its reasons for imposing the sentence at the hearing. At the hearing, Garay's counsel argued the court should be lenient on Garay's probation violation because he had already served time for the firearm conviction, had taken responsibility for the actions, and had matured since that time: "He pled guilty to the crimes concerning, what has created the direct violation, Your Honor. And he has accepted his responsibility in that regard. He's been in custody for 26 months, Your Honor." N.T., 11/18/22 at 5. The trial court responded:

> Well he accepted responsibility probably because the Commonwealth was ready in the room. And he did it in front of a different judge, in which the allegations are that he had a verbal altercation with his girlfriend at his house, brandished a firearm, and shot multiple rounds. There is a gun violence epidemic in this city. And this is beyond what's acceptable to this Court.

N.T., 11/18/22 pg. 7.

> The court continued to explain the reason for its sentencing:

> You are in direct violation. I ordered a PSI to see if there was any possible redeeming situation here in which the Court could give you a break.

> There is not. You've decided to violate my probation. You are on supervision for two different cases. You were given a break on a burglary matter, and yet you decided to have a gun, argue, and shoot that firearm inside your home. Unbelievable.

***Id.*** at 8.

Moreover, when originally sentenced to probation for the burglary offense in 2015, the sentencing judge warned Garay to take the probation seriously: "If you violate probation – take it seriously. You're young. You don't need this." N.T., 6/4/15 at 7. Since then, Garay has directly violated probation twice and, after only receiving more probation after the first violation, the court decided Garay could no longer be given "a break." N.T., 11/18/22 pg. 8. The trial court particularly weighed the nature of the probation violation, possessing and firing an illegal weapon, and Garay's contribution to the "gun violence epidemic" in Philadelphia.

Garay argues the court's imposition of a sentence based on the broader epidemic was an act of retribution rather than a sentence designed to reform and rehabilitate Garay. We find this argument without merit. The Sentencing Code directs the courts to consider the "protection of the public" and the "impact…on the community." 42 Pa.C.S.A. § 9721. The trial court's reference to the gun violence epidemic weighed the impact of Garay's actions in the context of an issue facing the community. Furthermore, the record indicates the court considered Garay's rehabilitation needs by recognizing the "break" he received in prior sentencings and his repeated probation violations. N.T., 11/18/22 at 8. The court explained the sentence is intended to rehabilitate Garay by deterring him from continuing to engage in similar behavior: "when you get out, stay away from guns." *Id.* at 9.

In its brief, Garay contrasts the record in this matter from that in ***Commonwealth v. Macias*** where the Macias was convicted of third-degree murder and was sentenced to 20 to 40 years' incarceration. ***Commonwealth v. Macias***, 968 A.2d 773 (Pa. Super. 2009). Garay argues his case lacks the degree of noted and cited reasons for sentencing that were apparent in the record in ***Macias*** and therefore, the record is insufficient to uphold the sentence. However, we do not find ***Macias*** to be particularly applicable to the matter before this court. Macias was appealing the original sentencing of a third-degree murder conviction whereas Garay is appealing a resentencing after he was found to have violated the terms of his probation a second time. Although the court in ***Macias*** may have more thoroughly stated its reasoning for sentencing, we find the statements in the record here are sufficient to uphold the sentence imposed.

Additionally, Garay argues that the sentence imposed is unreasonably excessive. When imposing a sentence following a violation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Pennsylvania's Supreme Court has held "the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probation." ***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014).

Garay focuses on the court's statement regarding a "gun violence epidemic" in Philadelphia to support his contention that the court only considered the seriousness of his crime. However, we note that the trial court reviewed a PSI report. Where the trial court had the benefit of reviewing a pre-sentence report, we must:

> presume[] that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Commonwealth v. Akhmedov*, 216 A.3d 307, 329 (Pa. Super. 2019), appeal denied, 224 A.3d 364 (Pa. 2020) (*en banc*) (citation omitted). Furthermore, the trial court mentioned not only Garay's inability to take advantage of his prior probations to rehabilitate himself, but also the impact his most recent crime had on the safety of the public. Under these circumstances, we cannot conclude that the court imposed an excessive sentence or failed to consider circumstances other than the seriousness of the crime.

Since neither of Garay's challenges to the discretionary aspects of his sentence merit relief, we affirm.

Judgement of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/1/2023