J-S12022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARED J. WALLACE | : | |
| | : | |
| Appellant | : | No. 1171 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002777-2020

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 1, 2025**

Jared J. Wallace appeals from the judgment of sentence imposed following his guilty plea to involuntary deviate sexual intercourse ("IDSI") with a child and unlawful contact with a minor.[1] Wallace argues the court abused its discretion in imposing an excessive sentence and in failing to give due consideration to the mitigation evidence and sentencing factors. We find Wallace fails to raise a substantial question to warrant our review. We therefore affirm the judgment of sentence.

When Wallace entered his guilty plea, he admitted that between 2017 and 2020, he "repeatedly engaged in unlawful sexual contact" with the victim, who was born in 2011. N.T., Guilty Plea, 10/10/23, at 7-8. In exchange for his plea, the Commonwealth *nolle prossed* 19 other counts related to Wallace's

_____

[1] 18 Pa.C.S.A. §§ 3123(b) and 6318(a)(1).

conduct with the victim, including rape by forcible compulsion and IDSI by forcible compulsion.

The court ordered a pre-sentence investigation ("PSI") report and mental health evaluation. Wallace also submitted a mitigation memorandum prepared by a specialist, which included 18 letters of support. At the sentencing hearing, two character witnesses testified on Wallace's behalf. Wallace exercised his right to allocution, expressing remorse.

The parties agreed that for IDSI with a child, given Wallace's prior record score of zero, the standard range under the sentencing guidelines began at six years' incarceration, with the mitigated range starting at five years' incarceration. The maximum sentence was 20 to 40 years' incarceration. For unlawful contact with a minor, the guidelines recommended a sentence of restorative sanctions to one year of incarceration. As part of Wallace's plea deal, the Commonwealth recommended an aggregate sentence of five to 10 years' incarceration followed by three years reporting probation.

The court sentenced Wallace below the mitigated range of the guidelines, to four to 10 years' incarceration followed by 3 years' probation for IDSI with a child. The court imposed a concurrent sentence of one year of probation for unlawful contact with a minor.

Wallace filed post-sentence motions, which the court denied. Wallace lodged this appeal,[2] raising one issue:

> Whether the lower court imposed a clearly unreasonable and excessive sentence, taking into account the circumstances of the case, including the mitigation evidence, Mr. Wallace's lack of a prior criminal record, and his expressions of remorse.

Wallace's Br. at 3.

An appellant does not have an absolute right to appeal the discretionary aspects of his sentence. ***Commonwealth v. Mouzon***, 812 A.2d 617, 621 (Pa. 2002). Rather, the appellant must petition this Court to allow the appeal. ***See*** 42 Pa.C.S.A. § 9781(b). In addition to filing a timely notice of appeal and preserving the issue below, the appellant must present a Rule 2119(f) statement that the discretionary sentencing claim raises a substantial question. ***See id.***; Pa.R.A.P. 2119(f); ***Commonwealth v. Lynch***, 242 A.3d 339, 346 (Pa.Super. 2020). We will not address the substantive merits of the claim unless the appellant satisfies these requirements. ***Commonwealth v. Luketic***, 162 A.3d 1149, 1160 (Pa.Super. 2017).

We determine whether the appellant has presented a substantial question "on a case-by-case basis." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008). A substantial question is one which "articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular

---

[2] The court appointed new counsel for Wallace just before the appeal period expired. Wallace filed a Post Conviction Relief Act petition, requesting the court reinstate his direct appeal rights, which the court granted.

fundamental norm underlying the sentencing process." ***Mouzon***, 812 A.2d at 627; ***Commonwealth v. Summers***, 245 A.3d 686, 692 (Pa.Super. 2021).

The Rule 2119(f) statement must make a colorable argument that the specific sentence at issue raises a substantial question within the context of the case. It therefore must "specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered)." ***Commonwealth v. Clary***, 226 A.3d 571, 580 (Pa.Super. 2020) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa.Super. 2000)). If the appellant alleges the sentence violates a sentencing norm, the statement "must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.*, the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range)." ***Id.*** (quoting ***Goggins***, 748 A.2d at 727). Where a sentence falls within or below the sentencing guidelines, an allegation that the sentencing court failed to consider mitigating factors does not raise a substantial question. ***Commonwealth v. Rhoades***, 8 A.3d 912, 918-19 n.12 (Pa.Super. 2010).

Here, Wallace has timely appealed and has preserved his issue in a post-sentence motion. However, in his Rule 2119(f) statement, Wallace flatly argues his sentence was "clearly unreasonable and excessive" in light of "the

circumstances of the case," and maintains that the court "did not meaningfully consider various factors":

> Mr. Wallace's sentence contradicts the fundamental norms underlying the sentencing process. The lower court did not meaningfully consider various factors, including the public's protection, the gravity of the offense, the impact on the victim and the community, and Mr. Wallace's rehabilitative needs. Taking into account the circumstances of the case, including the mitigation evidence, the lack of a prior criminal record, and the expressions of remorse, the sentence was clearly unreasonable and excessive.

Wallace's Br. at 10.

Wallace fails to present a substantial question. He does not clearly identify the manner in which his sentence violates a specific sentencing norm. Moreover, because his sentences were within or below the guidelines, his claim that the trial court did not meaningfully consider certain evidence does not rise to the level of a substantial question.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2025